PABST BREWING COMPANY, Appellant, v. P. A. SMITH et al., Respondents.

Kansas City Court of Appeals, November 19, 1894.

1. **Pleading:** BURDEN OF PROOF. On the pleadings in this case, plaintiff was put to the proof that it was the successor and entitled to the assets of the Phillip Best Brewing Company.

2. **Evidence:** OFFICIAL SEAL: APPELLATE PRACTICE. Plaintiff offered articles of association purporting to be certified by the secretary of state of Wisconsin where the records were kept. The trial court sustained an objection to the introduction because they were not attested by the keeper of said record and his seal of office. *Held*, in the absence of evidence showing the contrary the appellate court must assume that the paper offered was as clearly found by the trial court, unaccompanied by the seal of office of the Wisconsin officer, and that the paper was properly excluded.

3. **Trial Practice:** NONSUIT. On the record in this case, plaintiff was not entitled to take a nonsuit at the time he asked leave so to do.

*Appeal from the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Scott J. Miller* and *Frank S. Miller* for appellants.

(1) The court erred in sustaining defendant's objection to the amended articles of incorporation of plaintiff, for amendment was in strict conformity to the statutes of the state of Wisconsin governing the

amendments of the articles of incorporation. R. S. 1878 (Wis). sec. 1774. The objections of defendant are trivial and should have been overruled. (2) If a corporation's name be changed, it must sue or be sued, in respects to its prior rights and liabilities, by its new name. *Dousman v. Milwaukee*, 1 Pinny, (Wis.) p. 81; 2 Cranch, 127; *Collins v. Railroad*, 14 Wis. 492; *Vilas v. Railroad*, 17 Wis. p. 497.

*Sheetz, Johnson & Wait* for respondents.

(1) As to appellant's second point, there was no official seal to the certificate of the secretary of state, and it was incompetent under section 4832, Revised Statutes, 1889, and the burden of proving a foreign law rests with the party claiming under it. *Conrad v. Fisher*, 37 Mo. App. 352, and in absence of proof the law is presumed to be the same as in our state.

GILL, J.—This action was brought to charge the defendants Smith, Asper and McIlwrath with the balance due on account of beer alleged to have been sold by Phillip Best Brewing Company to defendant Smith during the two years prior to March 12, 1889, The attempt is to charge defendants Asper and McIlwrath as sureties for said Smith.

It is alleged in the petition that the Pabst Brewing Company is the successor to the rights and assets of the Best Brewing Company by virtue of the reorganization or amendment of the articles of association of said Best Brewing Company alleged to have taken place March 12, 1889, and that by reason thereof, the two corporations are one and the same. The answer of defendants Asper and McIlwrath properly put in issue this alleged consolidation or amendment of articles of association, and in effect denied that the Pabst Brewing

Company had any interest in the subject matter of the litigation. Other defenses were also interposed, but for a disposition of this appeal, this is all that need be mentioned.

The cause was submitted to the court without a jury, resulting in a judgment for plaintiff as against defendant, Smith, but in favor of defendants Asper and McIlwrath, and therefrom plaintiff has appealed.

1. A consideration of one out of a number of points in this case calls for an affirmance of the judgment.

Before the plaintiff corporation could be allowed to recover it was clearly necessary for it to prove, according to the allegations of its petition, that it had become legally entitled to the assets of the Best Brewing Company. It was alleged that the articles of association of said Best Brewing Company had been so amended that it had passed into, or become consolidated with, the plaintiff Pabst Brewing Company—that they were in fact one and the same corporation. On the pleadings, the plaintiff was as to defendants Asper and McIlwrath, put to proof of these allegations.

In order to establish these, plaintiff offered a paper purporting to be a copy of the "Amendments to the Articles of Association of the Phillip Best Brewing Company" pretending to have been certified to by the secretary of state of Wisconsin where such records were kept. The court sustained an objection to the introduction of this pretended copy of a record because not attested by the keeper of said record and his seal of office.

Now, in the absence of a contrary showing, we must assume that the paper offered was, as clearly found by the court, unaccompanied by the seal of office of the Wisconsin officer; and this being so then the court properly excluded the paper. R. S. 1889, sec. 4844. The trial judge, then, committed no error in the

matter.   And, since there was no other competent
evidence of such consolidation or amendment of articles
of association, that material allegation of the petition
was unproved and the plaintiff was not entitled to
recover as to the defendants, Asper and McIlwrath.

2.   Counsel can hardly be serious in the suggestion
that plaintiff was erroneously denied the privilege of a
nonsuit. The plaintiff's abstract of record is a complete
answer to that complaint.   The cause was tried before
the court on January 14, 1893, when the court took the
case under advisement.   As to what further occurred,
we quote literally from the record:

"Again, on January 20, the cause coming up and
all parties being present, the judge asked the parties if
they were ready for the decision of the case, and there
being no objections he proceeded to review the case,
passed upon the evidence offered during the trial, indi-
cated what was admitted and what was rejected, and
that the finding would be for defendants, Asper and
McIlwrath.   Whereupon the plaintiff's counsel asked
time to consider whether they would take nonsuit or
not, and the court gave them until the twenty-second
day of January to consider.   The cause again came up
on the twenty-second day of January, the court having
previously passed upon all the plaintiff's instructions,
and marked them given and refused, except those num-
bered 5, 6, 7, and 8, but had notified plaintiff's coun-
sel, S. J. Miller, that those not marked given were
refused.   The judge asked the parties again if they were
ready for a decision of the case, and, plaintiff failing
to take a nonsuit, directed the clerk to enter judgment
for plaintiff against defendant Smith, and in favor of
defendants Asper and McIlwrath.   Wherefore plain-
tiff's counsel asked leave to take a nonsuit, which was
denied and judgment was entered, to which action of
the court, in not allowing a nonsuit, plaintiff at the
time excepted."

A mere reference to the statute prescribing time for taking nonsuit (R. S. 1889, sec. 2084) furnishes every argument needed to sustain the trial court in this refusal. See, also, *Mayer v. Old*, 51 Mo. App. 215.

The judgment of the lower court will be affirmed. All concur.