## HENSLEY & WRIGHT vs. PECK & BARNETT.

1. Where all the evidence given is not preserved by bi'l of exceptions, the propriety of giving or refusing instructions by the circuit court cannot be reviewed in the supreme court.

2. On the evening when the cause was submitted to the jury, the court, by consent, gave certain instruction ; the next morning the jury returned into court and informed the court that they could not agree upon a verdict. the court then withdrew the instructions given and gave new ones· Held, that the plaintiffs had a right to take a non-suit after the new instructions were given before the jury retired.

Hensley & Wright vs. Peck & Barnett.

## APPEAL to St. Louis Court of Common Pleas.

### B. A. HILL, for appellants.

The testimony in this cause having been concluded, the only remaining question arises upon the record and the instructions and action of the court thereon.

After the close of the testimony on the trial, the plaintiffs (appellants) asked the court to give the two instructions set forth in the transcript, and the defendants consented to the giving of said instructions, and the cause was thereupon submitted to the jury for their decision, and the court adjourned till next morning. When the court met, the jury not having agreed upon their verdict, the court upon the motion of the defendants, *withdrew* the instructions of plaintiffs which by their defendants' consent had been given the day before and gave an erroneous instructions of defendant, cutting the whole case off from the jury. Plaintiffs thereupon took a non-suit, with leave to move to set the same aside, and specified the foregoing as a reason for setting the non-suit aside and preserved the same in the bill of exceptions.

Now the plaintiffs by this singular action of the court, is placed under the statute, § 33, p. 821, in a singular dilemma. This statute provides that "no plaintiff shall suffer a non-suit after the cause upon a hearing of the parties, shall have been finally submitted to a jury, or the court setting to try the issue for their decision." There is no doubt, that the cause was finally submitted to the jury by *consent* of defendants upon instructions agreed to, and although the subsequent action of the court forced the plaintiffs to take a non-suit or to submit to a verdict, the question is whether the plaintiffs could legally take a *non-suit* under that statute. If the plaintiffs could not take a non-suit, as I am inclined to think in the case, then they are forever barred of their action by reason of the wrongful and unlawful action of Judge Blair, in the premises.

It seems to me that it would be but just to grant a new trial to the plaintiffs. We are injured by the wrongful act of the defendants, who having consented to submit the case to the jury upon the plaintiffs instructions, as appears from the record, openly violated it, the next morning to our prejudice.

### GANTT, for appellees.

There is no evidence preserved by the bill of exceptions, wherefrom it can be ascertained whether any particular fact was proved; or evidence offered tending to prove any particular fact.

The court has power at any time before the jury has acted upon the evidence, to instruct them as to the legal effect of establised facts and to inform them of the legal principles by which their decision should be guided. There is no room for supposing that this power was improperly excercised in the present case.

3. The instructions complained of were given before the cause was finally submitted to the jury, as is evident from the fact that plaintiffs immediately took a non-suit thereupon; and therefore if not shown to be erroneous *per se* were not so in respect of the time when they were given.

### RYLAND, Judge, delivered the opinion of the court.

In this case there is no bill of exceptions properly taken, saving all the evidence given in the court below; therefore, as to the proper or

improper instructions given or refused, this court can form no opinion —the evidence is not preserved. The making out the testimony from the notes of the reporter months after they were taken, instead of being made out in full and submitted to the counsel and court immediately, if necessary for insertion in the bill of exceptions, will not be sanctioned by this court.

There is nothing, then, for this court to adjudicate upon, except the fact of the court, giving by consent instructions to the jury on the evening when the cause was submitted to them, and when the jury next morning informed the court they could not agree in their verdict, the court, on motion, withdrew these instructions and gave others. We cannot see that the instructions which the court first gave to the jury were correct or not, not having the evidence before us; nor can we see whether the instruction last given, after the first were withdrawn, is correct or incorrect. The act complained of is the withdrawing those already once given, and giving new and different ones.

We cannot see that the court acted indiscreetly or illegally in all this.

The first instructions given may have been wrong. It will surely then not be complained of that the court corrected this error before any injury arose to either party by withdrawing the instructions, and giving correct and proper ones.

We confess that such practice is rather strange, at least it is not common in this state. I have known additional instructions given to a jury after they had returned into court, not agreeing in their verdict, but this was at the request of the jury themselves. However, I am unwilling to presume the court did wrong; there may have been a necessity for this course in order to do justice between the parties.

It seems the plaintiffs think their case was *finally* submitted to the jury the evening of their retiring from the bar; that may be so, but still I am inclined to believe that whenever the jury returned into court and received new instructions, the first having been withdrawn, that any time after this new instruction was given, before the jury retired, that the plaintiffs had the right to take a non-suit.

In this case they took such non-suit, and I am willing that they should have every benefit arising from it.

Judgment of the court below is affirmed.