LAWRENCE, Plaintiff in Error, v. SHREVE, Defendant in Error.

1. Where a cause is tried by a court sitting as a jury and the parties request a declaration of the law of the case, the plaintiff should have an opportunity, after the court declares the law, to take a nonsuit.

*Error to St. Louis Law Commissioner's Court.*

*Gray*, for plaintiff in error.

I. It is the right of the plaintiff to have the law declared. If the law as laid down by the court be such as, on the case made, would not entitle plaintiff to a judgment, it is his un-

doubted right to take a nonsuit. The plaintiff was deprived of this right by the action of the court. The plaintiff was waiting for the court to decide on the instructions in order to determine whether or not to submit the case on the facts or to take a nonsuit. The court should have granted the motion for a new trial.

*Shreve,* for defendant in error.

I. The court did not err in refusing a new trial.

NAPTON, Judge, delivered the opinion of the court.

We think the plaintiff should have been allowed to take a nonsuit in this case. The statute says : " The plaintiff shall be allowed to dismiss his suit, or take a nonsuit, at any time before the same is finally submitted to the jury, or the court sitting as a jury, or to the court." When a case is tried by a jury it has been the uniform construction of this law, in practice, to allow a party to get the opinion of the court upon the law of his case in the form of instructions and then withdraw his suit if that opinion is unfavorable. The same opportunity ought to be afforded in cases where the court is permitted to decide the law and try the facts as a jury, if the parties request a declaration of the law from the court.

In this case the court took the question of law under advisement, and when the decision was made the whole case was decided together, and no opportunity given for a nonsuit. The instruction given for the defendant was merely an instruction upon the evidence that the plaintiff was not entitled to recover ; but the character of the instruction can not vary the rights of the parties, and would rather seem to make it more imperative on the court to give the plaintiff an opportunity of determining whether he would proceed further with the case. The plaintiff can not insist upon immediate determination of the law asked for by the instructions offered ; but if the court takes them under advisement, proceeding on with other business, it would seem to be reasonable, where no day is announced or by some rule of court established in

which the decision will be made known, that the parties or their counsel should be informed when the court is ready to determine the instructions. Any other practice would deprive plaintiff of the right given him by the statute to take a nonsuit at any time before the final submission of the case.

The judgment will be reversed, and the plaintiff has leave to enter a nonsuit; the other judges concur.