PETER EVERETT, Defendant in Error, v. J. T. TAYLOR, Plaintiff in Error.

*Practice—Non-suit.*—Where a suit had been submitted to referees, who made a report to which the plaintiff filed exceptions, which the court neither allowed nor overruled, it was no error to permit the plaintiff to become nonsuited, no judgment upon the report having been rendered. (R. C. 1855, p. 1269, § 46, and R. C. 201, § 42.)

*Error to Pettis Circuit Court.*

*Smith*, for plaintiff in error.

I. The only question presented by the record for the decision of this court, is, whether or not the Circuit Court of Pettis county erred in permitting the defendant in error, Everett, to take a non-suit.

The exceptions of Everett to the report of the referees, and his prayer that said report be set aside and vacated, and the subsequent action of the court refusing the prayer to vacate

said report, seems to be a clear submission of the case to the court; and, not only that, but said refusal is in the nature of a verdict for the defendant, and it only remained for judgment to be entered. (1 R. C. 1855, p. 201, § 42.)

II. A reference of the case, and a submission to said referees, put it out of the power of the plaintiff to take a non-suit.

Sec. 42, above referred to, shows that if the report of the referees is confirmed, or, which is the same thing, if the exceptions are overruled, the case then stands just as though a jury had rendered a verdict, which is always too late to take a non-suit. (R. C. 1855, p. 1238, § 44—p. 1269, § 48; Keithley v. May, 29 Mo. 220.)

III. " No dismissal of a party ought to be allowed when it will produce any damage in the rights of the defendants, deprive them of a legal defence, or subject them to increased difficulties or liabilities." (Browning v. Chrisman, 30 Mo. 353.)

BATES, Judge, delivered the opinion of the court.

This suit was brought for the settlement of a partnership account. The case was referred to commissioners to ascertain and state the accounts between the parties. The commissioners reported, and the plaintiff filed exceptions to the report, with a motion to vacate and set aside the report. The court refused to vacate and set aside the report; but the report does not show either that the exceptions were allowed or refused, or that the report was confirmed, and the report itself is not contained in the transcript of the record filed in this court.

Afterwards, it appears by the record that the cause was submitted to the court, and the plaintiff asked the court to declare that the report should not be confirmed, and that the exceptions to the report should be allowed, which declaration the court refused to make; and the plaintiff then asked leave to take a non-suit, to which the defendant objected. The court permitted the plaintiff to take a non-suit, to which the defendant excepted and brings the case up by writ of error.

The defendant had before then filed a motion for judgment on the report, which does not appear to have been acted on. The only question is, did the court err in permitting the plaintiff to take a non-suit? The 48th sec. of the 10th art. of the act to regulate practice in the courts of justices (R. C., p. 1269), provides that "no plaintiff shall suffer a non-suit, or dismissal, after the cause, upon a hearing of the parties, shall have been finally submitted to a jury or to the court for their decision." No express provision is made for the cases in which the facts are tried by referees. Section 42, of the act concerning arbitrations and references (R. C., p. 201), provides that "if exceptions (to the report of referees) are allowed, the matter may again be referred, with instructions if necessary; but, if the report is confirmed by the court, the judgment shall be rendered thereon in the same manner, and with like effect, as upon a special verdict." In this case, the exceptions were refused, but the report was not confirmed. It did not, therefore, stand in the same condition as if a special verdict had been rendered, and certainly had not been finally submitted to the court for decision, and there was no error in that respect in permitting the plaintiff to take a non-suit. The report not being in the record, it cannot be seen whether the defendant had any affirmative claims, the enforcement of which would be hindered by suffering the plaintiff to take a non-suit; and it cannot, therefore, be seen that the court exercised its discretion unwisely in permitting a non-suit to be taken.

The judgment of the court below is affirmed. Judges Bay and Dryden concur.