WILSON & Co., Appellants, v. W. H. & A. P. STARK, Respondents.

Kansas City Court of Appeals, December 1, 1890.

1. **Trial Practice:** ORDER OF PROCEDURE. The logical statutory order in the trial of causes under the practice act is, *first*, the introduction of the evidence ; *second*, instructions ; *third*, the evidence and law are submitted to the triers of the cause.

2. ——— : ——— : NONSUIT, WHEN: SUBMISSION. After the declarations of law are passed on by the court, the plaintiff should have an opportunity to take a nonsuit ; for until the instructions are settled there can be no final submission.

*Appeal from the Johnson Circuit Court.*—HON. CHAS. W. SLOAN, Judge.

REVERSED AND REMANDED ( *with directions* ).

*Samuel P. Sparks*, for appellants.

( 1 ) A cause is not finally submitted to the court or jury until the court has passed upon the declarations or instructions of the law. *Lawrence v. Shreve*, 26 Mo.

492 ; *Hensley v. Peck*, 13 Mo. 587 ; 1 R. S. 1889, sec. 2084. Plaintiffs, on the refusal of their declarations of law 1, 5, 6 and 7, had the right to take a voluntary nonsuit, and it was error for the court to refuse this request. Authorities, *supra ; Wood v. Nortman*, 85 Mo. 298 ; *Huthsing v. Maus*, 36 Mo. 109 ; *Everett v. Taylor*, 32 Mo. 390 ; *Templeton v. Wolf*, 19 Mo. 101 ; *McLean v. Stuve*, 15 Mo. App. 321 ; *Waterworks Co. v. School Dist.*, 23 Mo. 227 ; 2 Thomp. Trials, secs. 2230, 2231. (2) Every plaintiff unquestionably has the right to take an involuntary nonsuit on an adverse ruling of the court on a question of law notwithstanding the act may be an improvident one ; in such case it is held to be voluntary. Whittlesey's Mo. Prac. 390, 391 ; *Loring v. Cook*, 60 Mo. 564. The taking of an involuntary nonsuit avoids the bar created by the judgment. *Waterworks Co. v. School Dist.*, *supra*. The request for a special finding of facts in writing separately from the conclusions of law was timely, and it was error for the court to refuse it. The statute is mandatory. R. S. 1889, sec. 2135. *First*. This section was borrowed from the civil code of Kansas, and appears for the first time in the revision of 1889. It is identical with the provision of the Michigan, Indiana, California, Minnesota, Iowa, Colorado, etc., codes. In these states it has been held reversible error upon a reasonable request to refuse it. Kan. Stat. 1885, sec. 240, Civil Code ; *Railroad v. Ferry*, 28 Kan. 686 ; *People v. Littlejohn*, 11 Mich. 60 ; *Lee v. Marsh*, 19 Mich. 60 ; 2 Thompson, Trials, secs. 2659, 2660. *Second*. It is not necessary that the request should be made in writing. *People v. Littlejohn*, *supra*. *Third*. The courts in this state, in construing a law adopted from sister states, will presume the legislature adopted it with the constructions put upon it by the courts of those states, and will follow that construction. *Skouten v. Wood*, 57 Mo. 380.

*Orr & McLin* and *W. W. Wood*, for respondents.

( 1 ) This cause was finally submitted to the court and its decision made known several days before the plaintiff offered to take a nonsuit, and, therefore, it was properly refused. *Hess v. Ins. Co.*, 21 Mo. 93 ; *McLean v. Stuve*, 15 Mo. App. 320 ; *Huthsing v. Maus*, 36 Mo. 109. ( 2 ) In not a single case cited by appellants had the facts of the case been submitted, except the case in 15 Mo. App., *supra*, and in that case the St. Louis Court of Appeals sustained the court below it in refusing a nonsuit. It is important to note also that in all those cases the court simply held that, under the circumstances, there was no error in permitting a nonsuit. ( 3 ) The importance of the right to take a nonsuit consists in the fact that, by taking a nonsuit, where the plaintiff has, for some reason, failed to produce testimony upon which he feels safe in submitting the cause for decision, he prevents an adjudication upon the merits. 2 Thomp. Trials, sec. 2230. It is only where the action of the trial court is such as to preclude the plaintiff from a recovery that it is proper to take an involuntary nonsuit, and in no other case will the appellate courts interfere with the action of the courts below. *State ex rel. v. Gaddy*, 83 Mo. 138 ; *Hageman v. Moreland*, 33 Mo. 86 ; *Layton v. Riney*, 33 Mo. 87. ( 4 ) Counsel for appellants is correct in his position that where the nonsuit is improvidently taken it is equivalent to a voluntary nonsuit, but we have shown that he had no right to take a voluntary nonsuit. See authorities cited under point 3 ; *Walker v. Engler*, 30 Mo. 130 ; *Pearson v. Pearson*, 69 Mo. 550.

GILL, J.—Several questions are presented by this record, but for the purposes of our decision it is only necessary to state the following : The suit here is an action at law for money had and received. The parties waived a trial by jury, and the cause was submitted to

the court. Evidence for the respective parties was heard, and on October 24, 1889, the cause was argued. On October 25, the judge of the court was proceeding to announce its decision in defendants' favor, when, at the request of plaintiffs' counsel, the finding and judgment were withheld to permit plaintiffs' counsel to prepare and submit declarations of law. Subsequently, and during the same term, to-wit: November 1, 1889, the plaintiffs' counsel did submit several instructions. The court immediately took up the cause and passed on the instructions, giving some and refusing others. Thereupon plaintiffs asked leave to take a nonsuit, which the court denied, and proceeded, over the objections of plaintiffs, to enter a judgment in the cause, as follows:

"Now, again, come the said parties by their respective attorneys, and this cause having been submitted to the court, neither party requiring a jury and the evidence heard, and the court, being fully advised and satisfied in the premises, finds the issues for the defendants. It is, therefore, ordered and adjudged by the court that plaintiffs take nothing by their writ therein; that the defendants go hence without day, and recover of plaintiffs their costs and charges accrued herein, and have execution therefor."

Among the errors complained of is the refusal of the trial court to permit plaintiffs to take a nonsuit. We are of the opinion that plaintiffs, under the circumstances were legally entitled to dismiss the suit, or submit to a nonsuit, and it was error to deny their request. Our statute saves the right to a plaintiff to dismiss his suit or take a nonsuit, "at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court," etc. R. S. 1889, sec. 2084. The logical statutory order in the trial of causes under our practice act is, *first*, the introduction of the evidence, and then, *second*, after the conclusion of the evidence, and *before* the argument and submission

to the jury, or to the court, instructions are to be offered to be given or refused by the court. R. S. 1889, sec. 2188. Then the evidence thus adduced, and the law thus declared, go, or are submitted, to the triers of the cause.

This cause was never "*finally submitted*" until November 1, 1889. The testimony was heard on the twenty-fourth of October, or thereabouts, and the court on October 25, taking the case as submitted, was about to declare its finding and enter judgment, but at the suggestion and agreement of counsel, the court, in effect, withdrew the submission and withheld any finding and judgment until November 1, and then it was, and not till then, the cause was finally submitted to the court. There cannot be *two* final submissions, neither can a case be submitted in detached portions. This being the condition of the cause on November 1, it is well settled by the decisions of the courts of this state, that, after the declarations of law were passed on by the court, the plaintiffs should have had an opportunity to take a nonsuit if they so desired. *Lawrence v. Shreve*, 26 Mo. 492; *Hensley v. Peck*, 13 Mo. 587. In case last cited the right to take a nonsuit was extended far beyond the claim here made. There the cause was submitted to the jury on the evidence and instructions given. They retired and, failing to agree, the court called the jury in on the next day, withdrew the instructions given, and submitted other and different instructions. Thereupon plaintiff was permitted a nonsuit, and the supreme court approved the action of the trial court in that regard.

It results from what is here said that the judgment of the circuit court must be reversed, and the cause remanded with directions to permit plaintiffs to take a nonsuit. All concur.