D. A. MAYER, Appellant, v. W. D. OLD, Respondent.

Kansas City Court of Appeals, November 14, 1892.

1. **Bills and Notes:** PROOF OF INDORSEMENT. Before an indorsee of a promissory note can recover thereon, he must allege and prove the indorsements under which he claims.

2. **Practice, Trial:** RIGHT TO NONSUIT: STATUTE. Plaintiff has a right to take a nonsuit at any time before the final submission of the cause to the triers of the fact, and the addition of the words, "and not afterwards," in the late revision does not affect such right.

*Appeal from the Boone Circuit Court.*—HON. JOHN A. HOCKADAY, Judge.

REVERSED AND REMANDED (*with directions*).

*Odon Guitar* and *C. B. Sebastian,* for appellant.

(1) The court erred in making the declaration of law asked by the respondent. The note sued on is "negotiable," and its possession and production in testimony, with the indorsement of the payee thereon, constituted *prima facie* evidence of ownership. *Bank v. Wright,* 53 Mo. 153; *Rubleman v. McNichol,* 13 Mo. App. 584. "Also, *prima facie* evidence that it was acquired in good faith." *Grella v. Loxen,* 7 Mo. App. 97. "This made a *prima facie* case of a right of recovery, which could be overcome only by evidence to the contrary." *Lachance v. Lochlien,* 15 Mo. App. 460; *Ashbrook v. Letcher,* 41 Mo. App. 369; *Willard v. Moies,* 30 Mo. 142; *Devlin v. Clark,* 31 Mo. 22; *Patterson v. Cave,* 61 Mo. 439; *Bobb v. Letcher,* 30 Mo. App. 43. The holder of a negotiable note transferred by delivery for a valuable consideration becomes the *prima facie* owner thereof, and can institute suit in his own name. Revised Statutes, 1889, sec. 733; *Boeker v. Nuella,* 28 Mo. 180; *Bennett v. Pound,* 598; *Willard v. Moies,* 30 Mo. 142. (2) The court erred in refusing to grant appellant a "nonsuit with leave, after giving the declaration of law asked by respondent." Revised Statutes, 1889, sec. 2084; *Chouteau v. Rowse,* 90 Mo. 191; *Wood v. Nortman,* 85 Mo. 298; *Sachse v. Clingingsmith,* 97 Mo. 406; *Hensley v. Peck,* 13 Mo. 587. When the cause is tried by the court sitting as a jury, the plaintiff should have an opportunity, after the court declares the law, to take a nonsuit. *Lawrence v. Shreve,* 26 Mo. 492.

*T. S. Carter, Gordon & Bass* and *Sam C. Major,* for respondent.

(1) Counsel for appellant seem to entirely misconceive the points in the case as presented by the

record, the right to institute a suit in one's own name is one thing; the evidence necessary to his right to recover under the pleading and the law is another thing. There are only two points under our view of the case that claim the attention of this court. Under the evidence and pleadings plaintiff was not entitled to recover. *Bank v. Pennington*, 42 Mo. App. 355, is decisive of this case. (2) As to the second point, the record in the case shows that the case was submitted to the court, and the finding announced, before plaintiff asked to take a nonsuit. This was too late. It was not then in the power of the court to grant the plaintiff's request. *Reed v. Reed*, 39 Mo. App. 473-4; Revised Statutes, 1889, sec. 2084.

GILL, J.—This action is based on a negotiable promissory note purporting to have been executed by one Rucker and defendant Old, payable to the order of Sturgeon Lodge A. F. & A. M., and by two separate indorsements alleged to have been assigned to the plaintiff. The answer admits the execution of the note, but denies the alleged indorsements or that plaintiff is the owner of the note.

The cause was tried before the court without a jury. The plaintiff to sustain the issues on his part read in evidence the note only, but did not submit any evidence as to any indorsements, and then rested. The defendant thereupon asked the court to declare the law as follows: "The court declares that under the pleadings and evidence in this case plaintiff is not entitled to recover." Over the objection of plaintiff the court gave this instruction, and plaintiff excepted. Plaintiff thereupon asked leave of the court to submit "a nonsuit with leave," which the court refused, and to which ruling the plaintiff saved his exceptions. Then as the bill of exceptions reads, "under the instruc-

tions of the court, the court sitting as a jury thereupon found a verdict for defendant," and from the judgment thereon plaintiff appealed.

But two questions are here submitted for our consideration: *First,* was the trial court correct in declaring, as a matter of law, that under the pleadings and evidence plaintiff could not recover; and, *second,* was the court justified in denying plaintiff the right to take a nonsuit?

I. Under the prior rulings of this court we must sustain the lower court as to the first point. *National Bank v. Pennington,* 42 Mo. App. 355; *Reinhard v. Coal Co.,* 25 Mo. App. 352-3. Plaintiff alleged title to the note in suit through certain assignments or indorsements. These allegations were denied; and, before he could recover, evidence thereof should have been submitted. Failing in this, the plaintiff was not entitled to recover.

II. As to the second point, however, the court clearly, in our opinion, was in error. The denial of plaintiff's right to submit to a nonsuit was, we think, in the face of the statute and opposed to the generally accepted doctrine in this state. Revised Statutes, 1889, sec. 2084; *Wilson v. Stark,* 42 Mo. App. 376; *Lawrence v. Shreve,* 26 Mo. 492; *Templeton v. Wolf,* 19 Mo. 101; *Hensley v. Peck,* 13 Mo. 587.

The statute has expressly saved the right of the plaintiff to submit to a nonsuit at any time before a *final submission* of the case to the jury, to the court sitting as a jury or to the court. As was said by us in *Wilson v. Stark, supra:* "The logical statutory order in the trial of causes, under our practice act, is, *first,* the introduction of the evidence, and then, *second,* after the conclusion of the evidence and before the argument and submission to the jury, or to the court, instructions are to be offered, to be given or refused by the court. Then the evidence thus adduced, and the law thus declared,

go or are submitted to the triers of the cause." The case is not *finally submitted* until the evidence is in, and the instructions (if any offered) are passed on, and then in the *interim* between the settling of instructions and final submission to the court or jury, the plaintiff has the undoubted right to submit to a nonsuit. The rule is the same whether the case is being tried by the jury or by the court sitting as a jury. *Lawrence v. Shreve, supra.*

Defendant's counsel, in the oral argument of this case, seemed to rely, with some degree of confidence, on the fact that the statute prior to 1865 did not contain the words, "and not afterwards," now appearing at the close of section 2084. We fail to discover in this any reason for defendant's contention. These words added nothing to the meaning of the section; at most they only went to emphasize the thought already expressed, to-wit: That plaintiff's right to take a nonsuit is limited to a time when the cause was finally submitted to the triers of the fact. This was the clear and undoubted meaning of the statute before the words ("and not afterwards") were added to the section. *Templeton v. Wolf, supra.*

It results then that the judgment herein must be reversed, and the cause remanded with directions to permit plaintiff to take a nonsuit. All concur.