SUSAN E. HOUSTON'S Admr., Appellant, v. JOHN A. THOMPSON'S Admr., Respondent.

St. Louis Court of Appeals, January 29, 1901.

1. **Motion for New Trial: PRACTICE, TRIAL.** While a motion for a new trial is pending the entire case is in the breast of the court, which may make such modifications of its orders as seem proper.

2. **Practice, Trial: RE-OPENING OF CASE, DISCRETION OF COURT: EVIDENCE.** It is in the discretion of the court to allow or refuse a re-opening of the case after the evidence has been closed, and unless the discretion has been harshly exercised, an appellate court will not interfere.

3. ———: ———: **PRACTICE, APPELLATE.** In the case at bar, we we will not disturb the exercise of the lower court's discretion in declining to receive further evidence, which we hold was not abused.

4. **Practice, Trial: NONSUIT, WHEN CAN BE TAKEN: STATUTORY CONSTRUCTION.** The code confers on a plaintiff the right to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterwards (Revised Statutes 1899, section 639).

5. ———: ———: **COMMON LAW.** And our statute is in derogation of the common law by which a plaintiff could take a nonsuit at any time before the jury returned a verdict or a judgment was actually entered by the court when the case was tried by a jury.

6. ———: ———: ———: **JUDGMENT, RECITAL IN: STIPULATION ENTERED OF RECORD, EFFECT OF: PRACTICE, TRIAL.** In the case at bar, the judgment contains a recital that the case was only submitted on the thirteenth day of September, 1899, and by the court taken and held under advisement, and at the same time the following stipulation was entered of record: that instead of an oral argument by the attorneys the final submission of the cause to the court may be made by briefs to be furnished by the said parties, and it does not appear that said briefs were ever filed: *Held* that there was no final submission of the cause on the thirteenth day of September, 1899, and that plaintiff was entitled to dismiss his action when he made the request to be allowed to take that step on the fourth day of December, 1899, and before judgment was rendered.

Houston's Admr. v. Thompson's Admr.

Appeal from St. Charles Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

REVERSED AND REMANDED (*with directions*).

*Carl Daubt* for appellant.

(1) The court erred in refusing to permit plaintiff to dismiss his action. R. S. 1899, sec. 639; Everett v. Taylor, 32 Mo. 300; Worthington v. White, 42 Mo. 462; Wilson v. Starke, 42 Mo. App. 376. (2) The court should have sustained plaintiff's motion for a new trial on the ground of misapprehension and mistake of counsel in the trial of the action. R. S. 1899, sec. 800; Powell v. Railroad, 59 Mo. App. 339; Beatty v. O'Connor, 160 Ind. 81.

*C. W. Wilson, A. H. Drunert, T. W. Thompson* and *H. W. Johnson* for respondent.

(1) After a cause has been submitted to the jury, or the court sitting as a jury, the plaintiff can not take a nonsuit or dismiss his case. R. S. 1889, sec. 2084; R. S. 1899, sec. 639; Waterworks v. School Dist., 23 Mo. App. 227; McLean v. Stuve, 15 Mo. App. 317. (2) In this case no declarations of law were asked or given on either side, and the case was fully submitted on the evidence and briefs. Lawrence v. Shreve, 26 Mo. 492; Templeton & McKee v. Wolf, 19 Mo. 101. (3) The cause was duly and fully submitted to the court for consideration, finding and judgment and there was nothing left for the court to do but to decide the case. McLean v. Stuve, 15 Mo. App. 317. (4) The court shall not allow any demand against any estate unless the claimant first makes oath in open court or files an affidavit as to payments and offsets. R.

S. 1899, sec. 195. (5) A court can not, at a subsequent term, change its judgment to one it neither rendered nor intended to render. Ross v. Ross, 83 Mo. 100; Peckman v. Meatt, 49 Mo. 345. (6) A judgment regular or irregular, correct or erroneous, can not be set aside after the term has passed at which it was rendered. Ashby v. Glasgow, 7 Mo. 330; Hill v. City of St. Louis, 20 Mo. 587; Nearns v. Harbert, 25 Mo. 353; Harbor v. Railroad, 32 Mo. 423; Wilson v. Boughton, 50 Mo. 18.

GOODE, J.—The plaintiff commenced this action in the probate court of St. Charles county, to have allowed against the estate of John A. Thompson, deceased, a judgment recovered against him by Susan E. Houston on the sixteenth day of March, 1881, in the circuit court of said county. The judgment was entered in the first instance against three other defendants besides said John A. Thompson. This was on the third day of March, 1880. At the September term, 1880, the plaintiff, Susan E. Houston, moved to modify the original judgment by striking out the names of the three other defendants and for a final judgment against said John A. Thompson. The motion was heard and sustained on the sixteenth day of March, 1881, resulting in the rendering of the judgment presented for allowance by the present action, which is as follows:

"Susan E. Houston, Plaintiff,

v.            } Damages.

John A. Thompson et al., Defendants.

"The motion to amend the judgment herein coming on to be heard and being submitted to the court, it is considered by the court that said motion be sustained and that said judgment against W. Thompson, Catherine Thompson and Cornelia Thompson be and the same is hereby set aside and that said judgment be entered against John A. Thompson. It is

Vol 87 app—5

therefore considered by the court that the said plaintiff have and recover against the defendant John A. Thompson the sum of two hundred and fifteen dollars and fifty cents damages, together with six per cent interest per annum thereon from March 3, 1880, and costs, and have execution therefor."

The plaintiff in this case at the trial in the St. Charles Circuit Court, where it had been taken on appeal from the probate court, introduced a certified copy of the above together with an appended bill of costs, and rested. The defendant then introduced the original entry of the third of March, 1880, wherein Susan E. Houston recovered the same sum against the four defendants, and the aforesaid motion by the plaintiff to modify it. That was all the evidence and on it judgment was entered for the defendant.

I. It is at once apparent from the foregoing statement that the judgment rendered against John A. Thompson on the 16th day of March, 1881, was a nullity which constitutes no valid demand against his estate, because the court, to enter it, set aside the former one entered on the third day of March, 1880, more than a year before, and during a previous term. This is not disputed by the appellant. But it seems that three days after the date of the first judgment, to-wit, on the sixth day of March, 1880, a motion for a new trial and in arrest was filed and continued from time to time until the tenth day of May, 1881, when it was overruled. Also that on the sixteenth day of September, 1880, the parties to said cause filed a stipulation agreeing that defendants might file a bond for appeal and bill of exceptions in vacation, on or before the fifteenth day of November, 1880. While the motion for a new trial was pending, it is contended, and justly, the entire matter was in the breast of the court, which might make such modifications of its orders as seemed proper (McGurry v. Wall, 122 Mo. 614); that hence the amended judgment of March 16, 1881, was

not a nullity, but good and valid, and plaintiff was entitled to have it allowed as a demand against the deceased defendant's estate.

Neither said motion for a new trial, which is the important thing, nor the stipulation about the appeal bond and bill of exceptions, were introduced by either party at the trial of this action in the circuit court, which occurred on the sixteenth day of September, 1899. The following stipulation relating to the submission of the cause appears of record of that date: "Now on this day come the said parties by their respective attorneys, and this cause coming on to be heard and a jury being waived, the same is duly submitted to the court on the pleadings; and it is agreed by the said parties that instead of an oral argument by the attorneys, the final submission of the cause to the court be made by briefs to be furnished to the court by the said parties." Nothing appears as to whether any briefs were furnished and the cause submitted on them, but on the twenty-ninth day of November, 1899, during the September term, the plaintiff filed a motion to reopen the cause on the ground that plaintiff's counsel believed said other record had been introduced, which was overruled on the fourth day of December following. They thereupon requested leave to dismiss the cause, but it was denied and judgment entered for the defendant. A motion for a new trial set out that plaintiff was under the impression that all the papers and records in the case of Susan E. Houston v. John A. Thompson et al., including the motion for a new tiral, had been introduced, but had discovered since the trial on September 13 that the stenographer's notes contained no mention of their introduction—the same facts set out in the motion to reopen the case. The court overruled the motion for a new trial.

There is nothing in the record to show whether or not the demand, when presented to the probate court for allowance by

the plaintiff, was supported by affidavit or oath in open court that credit had been given the estate for payments and offsets, and we find no objection to its sufficiency made in the circuit court on this score at the trial. It is therefore not reviewable. Kincheloe v. Gorman's Admrs., 29 Mo. 421.

II.   It was within the discretion of the trial court to allow or refuse a reopening of the case after the evidence had been closed, and unless the discretion was harshly exercised we will not interfere on that ground.   The plaintiff's application for permission to introduce the records lacking from the proceedings in the case of Susan E. Houston v. John A. Thompson et al., was made more than two months after the hearing while the only reason given for the application was that his counsel were of the impression they were in evidence all along and had been under the mistake if they were not.   No evidence was offered, at least there is none in the abstracts, to support the motion, which is unverified.   It is impossible, therefore, for us to say there was any error in overruling the motion.   Besides, a mistake of this kind does not entitle a party of right to a new trial, nor, by parity of reasoning, to a reopening of the case.   McNeish v. Stewart, 7 Cow. 474; Peers v. Davis, 29 Mo. 184; Richardson v. Farmer, 36 Mo. 35; Fretwell v. Laffoon, 77 Mo. 26.   The case last cited expressly holds that a mistake growing out of forgetfulness or heedlessness is not such a mistake as will authorize a new trial on the ground of surprise and approvingly quotes McNeish v. Stewart, 7 Cow., supra, which holds that a party who, by mistake of his attorney, pleads a plea which does not cover his defense or correctly present his case can not, after judgment against him on his own admissions, set the verdict aside and obtain leave to amend his plea.   And generally, a party will not be relieved from the consequences of inadvertence or neglect.   1 Graham & Waterman on New Trials (2 Ed.), 187.

We will not disturb the exercise of the lower court's discretion in declining to receive further evidence, which we hold was not abused. Goodrich v. Railroad, 152 Mo. 222.

III. Was there error in refusing to permit appellant to dismiss the action? The Code confers on a plaintiff the right to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury or to the court sitting as a jury, or to the court, and not afterwards. R. S. 1899, sec. 639.

The point for decision, therefore, is, had the case been finally submitted within the meaning of the statute before the appellant requested leave to dismiss? We have found difficulty in reaching an entirely satisfactory answer to this question. Our statute is in derogation of the common law by which a plaintiff could take a nonsuit at any time before the jury returned a verdict or a judgment was actually entered by the court when the case was tried without a jury. 6 Ency. Plead. and Prac., 836; Nat'l Water Works Co. v. School District, 23 Mo .App. 227. The judgment in this case contains a· recital that it was only submitted on the thirteenth day of September, 1899, and by the court taken and held under advisement. The effect of this recital is that the only submission which was ever made was on the day of the trial. But the stipulation entered of record of that date does not purport to finally submit the case. True, it says the case coming on to be heard and a jury being waived the same is duly submitted to the court on the pleadings, but this was obviously nothing more than the usual waiver of a jury by the parties, for the issues were not submitted on the pleadings, but evidence was introduced by both sides. The stipulation negatives the view that the cause was finally submitted for determination without more, since it recites that "instead of an oral argument by the attorneys the final submission of the

cause to the court may be made by briefs to be furnished to the court by the said parties." Whether said briefs were ever furnished, and if so when, as before stated, we are not advised, and the usual intendments in favor of the correctness and validity of the court's action would authorize the presumption that there had been, subsequent to the date of the stipulation, a final submission, but for the judgment recital which refers to that very day as the time of final submission. As the judgment contains no reference to any later submission and relies on that one as the basis of the court's action, we must conclude there was none afterward, notwithstanding the long interval between the hearing and the judgment.

The right of a plaintiff to take a nonsuit or dismiss the action upon discovery at any stage of the trial that, in the then state of his case, he can not recover or safely proceed further, is essential to an efficient administration of the law and often enables justice to prevail when otherwise it would miscarry. The most righteous cause is liable to fail now and then from unforeseen contingencies, accidental omissions, a mistake in procedure or other circumstances unconnected with the merits, and but for this rule, substantial rights would be thereby wholly lost. So the wisdom and policy of the common law always freely accorded the privilege to litigants, while statutory limitations of its exercise have usually been restricted by the courts within their exact terms. The power to allow a dismissal ends under our code, and most others, when the case is finally submitted for determination, but this is held to have happened so as to defeat the right only when nothing remains to be done to render it complete. 6 Ency. Plead. and Prac., 840; Morrisey v. Railroad, 80 Iowa 314. Where the court had taken the case under advisement and thereafter gave an instruction that upon the evidence the plaintiff was not entitled to recover and entered judgment for the defendant

without affording the plaintiff an opportunity to take a nonsuit, it was held reversible error.   Lawrence v. Shreve, 26 Mo. 492.   So where a case had not been submitted on the merits but on the question whether plaintiff should be permitted to introduce further evidence and the court thereafter entered judgment against him.   Wood v. Nortman, 85 Mo. loc. cit. 303.   In Hensley v. Peck, 13 Mo. 587, the jury had been instructed and had considered of their verdict one night, but the next morning received fresh instructions, whereupon the plaintiffs were permitted to take a nonsuit, which was held proper, notwithstanding the case was finally submitted the evening before.   In Wilson v. Stark, 42 Mo. App. 376, the evidence was heard, and on October 24 the cause was argued and taken under advisement.   On the twenty-fifth the court was proceeding to announce a decision in defendant's favor when, at the request of plaintiff's counsel, the judgment was withheld to permit them to prepare and submit declarations of law.   On November 1 they submitted several declarations and the court passed on them, when they asked leave to take a nonsuit which was denied and a finding entered for the defendant.   This was ruled error as the submission of October 25 was withdrawn.   It will be observed that the case just cited had been finally submitted and the view of the court announced; the delay was granted not for further evidence, argument, brief or any action which might change the court's opinion, but merely to allow the plaintiffs the opportunity to save exceptions to rulings on the law.   A suit had been referred to commissioners to ascertain and state the accounts between the parties; the commissioners had heard the evidence and reported and plaintiff had filed exceptions with a motion to set aside which the court had refused.   Afterwards, it appears by the record, the case was submitted to the court and the plaintiff asked the court to declare the report should

not be confirmed, which declaration the court refused to give. Thereupon a nonsuit was allowed and, it was held, properly. 32 Mo. 390. It was ruled there was no final submission so as to deprive the plaintiff of his right to a nonsuit in a case where the defendant had moved for a verdict on his evidence, and the court had intimated it would sustain the motion but had not yet directed the jury to return a verdict. Morrisey v. Railroad, 80 Iowa, supra. Also that submission is not final until the last words of the charge are read and the jury directed to consider their verdict. Harris v. Beam, 46 Iowa 118. These authorities show the interpretation given by the courts of the country, and our own highest court, to statutory provisions confining the right to a nonsuit or dismissal to a time prior to the final submission of the cause, and it is clear that they incline to give a strict construction to such enactments and to permit them to impair the privilege only so far as their language requires.

In the case under consideration, the record is not as full nor satisfactory concerning the proceedings in the court below as is desirable, but we feel constrained to hold from what appears that no final submission was made on the thirteenth day of September, and that therefore plaintiff was entitled to dismiss the action when he made the request to be allowed to take that step on the fourth day of December, before judgment was rendered.

IV. There is nothing to show when the demand was originally presented to the probate court for allowance, so we are unable to consider whether the statute relating to the presumption of payment of judgments had run against it at that time or not. The judgment is reversed and the cause remanded with directions to permit the appellant to take a nonsuit.