NATIONAL BANK OF COMMERCE IN ST. LOUIS, Respondent, v. ED. BUTLER, JR., et al., Appellants.

St. Louis Court of Appeals, February 6, 1912.

1. NONSUITS: Right to Take: Common Law Rule. At common law, a nonsuit could be taken at any time before a verdict was returned by the jury, or, where a jury was waived and the trial was before the court, before a judgment was actually entered by the court.

2. ———: ———: Statute. Under section 1980, Revised Statutes 1909, plaintiff may ascertain the opinion of the court upon the law of the case by its action on instructions, and then withdraw the suit before final submission on the merits, if the court's opinion on the law is unfavorable; but a nonsuit cannot be taken after the cause—the evidence and the law— is submitted.

3. ———: ———: Statute: Construction. Section 1980, Revised Statutes 1909, providing that a nonsuit shall not be taken after final submission of the cause, is in derogation of the common law, and hence is not to be extended to cases that do not fall within its express provisions.

4. **TRIAL PRACTICE: Reopening Case After Submission.** The principle which authorizes the court, in its discretion, to reopen a case for the reception of further evidence, justifies the court, in a trial without a jury, in setting aside a submission to receive and consider declarations of law presented by the plaintiff upon the merits of the case.

5. **NONSUITS: Right to Take: Reopening Case After Submissions: Trial Practice.** Where a case, on trial before the court without a jury, was submitted both on the evidence and the law, leave subsequently granted to the plaintiff to file declarations of law upon the merits of the case operated to set aside the submission, though no formal order to that effect was entered, and to take the case out of section 1980, Revised Statutes 1909, and hence it was proper to permit plaintiff to take a nonsuit before the case was again submitted.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin,* Judge.

AFFIRMED.

*Barclay, Fauntleroy & Cullen* for appellant, Lewis.

(1) The court erred in allowing plaintiff to take a nonsuit after the cause had been finally submitted. R. S. 1909, sec. 1980; Strottman v. Railroad, 128 S. W. 192; Lawyers Co. v. Gordon, 173 Mo. 143; Ivory v. Delore, 26 Mo. 505. (2) In any aspect of the record, there is no ground whatever shown for the action of the trial court, and it was an abuse of jurisdiction or discretion (even if it existed) to set aside the submission without some showing of ground or reason so to do. Allen v. Hickman, 156 Mo. 49; Car Co. v. Trans. Co., 71 U. S. 146; Dorris v. Carter, 67 Mo. 545; Beery v. Railroad, 64 Mo. 534; Railroad v. Rolling Mill Co., 109 U. S. 716.

*Thomas G. Rutledge* for appellant, Rutledge.

(1) The right to dismiss a case tried before the court without a jury, ends at the time the case is submitted to the court and the court takes the case under advisement for the purpose of deciding it. R. S. 1909, sec. 1980; Lawyers Co-op. Co. v. Gordon, 173 Mo. 129;

Strottman v. Railroad, 228 Mo. 154; Allen v. Hickman, 156 Mo. 49; McCauley v. Brown, 99 Mo. App. 625; Ivory v. Delore, 26 Mo. 505; Allen v. Hickam, 156 Mo. 49.

*George L. Edwards* and *Edward D'Arcy* for respondent.

(1) The submission of a case is not necessarily "a final submission" within the meaning of section 1980, R. S. 1909. Thereafter the court may set aside such submission and grant leave to counsel to submit declarations of law. The submission being thus set aside, plaintiff may take a nonsuit. Wilson v. Stark, 42 Mo. App. 376; Lawyers' Co-op. Publishing Co. v. Gordon, 173 Mo. 144. (2) Even after a case is "finally submitted" to the jury, the court may set aside the submission by recalling the jury and giving further instructions. This being done, the plaintiff may then take a nonsuit. Hensley v. Peck, 13 Mo. 587.

NORTONI, J.—The court permitted plaintiff to dismiss its suit after the cause had been submitted, and from the judgment of dismissal defendants prosecute the appeal.

The suit is on a promissory note. Defendants became indorsers on the note of one Haynes for $5000, which was subsequently and before maturity assigned to plaintiff for value. The suit proceeds against defendant indorsers alone, and a trial was had before the court without a jury. It appears that on April 16, plaintiff introduced its evidence, consisting of the note, the indorsements and certificate of presentment and protest. Defendants introduced no evidence whatever, but raised a point with respect to the sufficiency of the notice to charge them as indorsers. After having made their point clear, the case was submitted and taken under advisement by the court. Afterwards, on April 24, plaintiff filed its motion for an order setting

aside the submission of the case and for leave to introduce further evidence, to the effect that demand, notice and protest were waived by defendants. This motion was not acted upon at the time, and on May 15, plaintiff filed another motion praying the court to permit it to introduce other evidence in the cause. This motion was passed until May 28, when, it appears from the record, plaintiff, by leave of court, withdrew its motion to set aside the submission, and the cause was argued by the parties on plaintiff's motion to admit further evidence. All of these motions were filed during the same term of the court at which the cause was originally tried and submitted. Besides it appearing from the record that on May 28 the counsel for both parties appeared and argued plaintiff's motion to admit further evidence, the record recites that the court granted plaintiff ". . . . leave to file declarations of law on the merits of the case." No declarations of law were submitted by plaintiff, but instead, on June 1 thereafter and during the same term, it appeared in court and dismissed the suit. The court permitted the dismissal of the cause as though the prior submission had been set aside, and from this judgment of dismissal defendants prosecute the appeal.

It is argued that, as it appears affirmatively the case was submitted to the court on April 16, it was no longer competent for plaintiff to dismiss its suit, and that defendants were entitled to an adjudication on the proof then made. At common law, a dismissal or nonsuit could be had at any time before a verdict was returned by the jury, or a judgment was actually entered by the court in cases such as this, where a jury was waived and the trial was by the court. [See 6 Ency. Pl. & Pr., 836.] But this rule is much modified under the Code, as will appear by reference to Sec. 1980, R. S. 1909, which provides as follows: "The plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted

to the jury, or to the court sitting as a jury, or to the court, and not afterward.'' The uniform construction of this statute, in practice, has been to allow the party to ascertain the opinion of the court upon the law of the case by its action on instructions, and then withdraw the suit before final submission upon the merits, if the opinion of the court on the proposition of law is unfavorable. But when it unequivocally appears that the cause—that is, the whole controversy, the evidence and the law—is submitted and taken under advisement and so remains, a nonsuit or dismissal of the cause is not to be allowed thereafter, because the express terms of the statute forbid. [See Board of Education v. U. S. F. & G. Co., 155 Mo. App. 109, 134 S. W. 18; Lawyers' Co-op. Pub. Co. v. Gordon, 173 Mo. 139, 73 S. W. 155; Lawrence v. Shreve, 26 Mo. 492.] But, as we understand it, this rule prevails only in those cases where the cause has been finally submitted and such submission has not been subsequently set aside by the court before the nonsuit is taken. The right to take a nonsuit or dismiss a cause is essential to an efficient administration of the law and oft enables justice to prevail when otherwise it would miscarry. As has been well said, the most righteous cause is liable to fail now and then from unforeseen contingencies, accidental omissions and mistake in procedure or other circumstances unconnected with the merits, and but for the rule allowing a nonsuit, substantial rights would perish and the principles of justice be too often defeated. It was because of this the common law permitted a dismissal until a verdict was returned by the jury or a judgment actually entered by the court in cases tried by it. Our statute, above copied, is in derogation of the common law, for it prescribes a limitation upon the more extended right theretofore enjoyed, to the effect that a nonsuit may not be allowed after the case is finally submitted to the jury or to the court. Because of this, the rule of the statute is not to be ex-

tended beyond its letter to cases not falling within its express provisions. [See Houston's Admr. v. Thompson's Admr., 87 Mo. App. 63.]

No one can doubt that the submission made on April 16 was of the whole cause without reservation whatever, for both the fact and the law were taken under advisement, though no instructions were asked or given. Had the case, as then submitted, remained under submission until the order of dismissal was entered, the matter in judgment would fall within the precise terms of the statutory inhibition, but we believe it may be distinguished on valid grounds. The mere fact that plaintiff filed two separate motions after the submission is, of course, unimportant, for in no respect could the filing of those motions by it change the effect of the submission. But the record discloses that on May 28 the parties appeared in court and argued one of these motions and at the conclusion of this argument the court granted plaintiff . . . . "leave to file declarations of law on the merits of the case." Though a submission had been made theretofore, on April 16, it is clear enough that this operated to set it aside, for the court reopened the matter, to the end of receiving declarations of law to be passed upon in connection with the facts of the case. There can be no doubt that it is always within the discretion of the trial court to allow or refuse a reopening of the cause, after the evidence is closed, for the purpose of receiving other or additional proof. [Houston's Admr. v. Thompson's Admr., 87 Mo. App. 63; Roland v. Beshears, 54 Mo. App. 227; Pearce v. Dansforth, 13 Mo. 360; Kuhl v. Kuhl, 160 Mo. App. 363, 140 S. W. 949.] However, the authorities last cited are not directly in point in the instant case for they relate alone to the question of reopening a case after it is closed, to the end of receiving additional evidence, while the precise matter in judgment here is the power

of the court to set aside a submission once made, for the purpose of considering questions of law to be presented in instructions. For if the submission were set aside at the argument on May 28, when the court granted plaintiff leave to submit instructions thereafter, it continued so, and the cause was not under final submission, or submission at all for that matter, on June 1, when the dismissal was had. It would seem that the same just principle which authorizes the court in its discretion to reopen a case for the reception of further evidence should justify it as well in setting aside a submission once made, for the purpose of receiving and considering instructions which may enlighten it upon the law of the case. That the courts of this state have always exercised this power and this, too, notwithstanding the statute above quoted, is obvious from a consideration of the following authorities directly in point: See Hensley v. Peck, 13 Mo. 587; Wilson v. Stark, 42 Mo. App. 376. The case last cited and the rule it announced was approved by our Supreme Court in Lawyers' Co-op. Pub. Co. v. Gordon, 173 Mo. 139, 144, 73 S. W. 155. In Hensley v. Peck, supra, the court submitted a case to the jury and gave instructions thereon on one day, and it appears from this that, within the terms of the statute above quoted, the cause was finally submitted so as to preclude a dismissal by the plaintiff thereafter on the record then made, but on the following morning, the jury having announced that they could not agree upon a verdict, the court withdrew the instructions theretofore given and gave new instructions entirely. On these facts, the court ruled the plaintiff was entitled to dismiss his case as though the prior submission were set aside by the fact of giving new instructions. The question in judgment in Wilson v. Stark, supra, arose under the statute here involved, for there plaintiff sought to dismiss his suit and the right was refused him because a submission had there-

tofore been had. The case had been tried and sub-
mitted to the court on October 24. On the following
day, October 25, the court proceeded to pronounce
judgment, but withheld it until November 1, at plain-
tiff's request that he might submit instructions. Af-
ter having submitted the instructions, which were ruled
upon, plaintiff sought to dismiss the suit on November
1, but was denied the right, for the reason the case had
been finally submitted on October 24, before the leave
to submit instructions was granted on the following
day. On these facts, the Supreme Court said that
plaintiff was entitled to dismiss his cause, for the rea-
son that the action of the court, in granting leave to
plaintiff, on October 25, to submit instructions, oper-
ated in law as "a setting aside of the original submis-
sion and a reopening of the case to let in matters that
were not before the court when the case was originally
submitted." We copy here from Lawyers' Co-op. Pub.
Co. v. Gordon, 173 Mo. 139, 144, the synopsis of that
case, as made by the Supreme Court, together with its
words of commendation touching the rule announced:
"In Wilson v. Stark, 42 Mo. App. 376, the facts were
that the case was tried and submitted and taken under
advisement by the court. No instructions were asked.
Thereafter, on October 25, 1889, 'the judge of the court
was proceeding to announce its decision in defendants'
favor, when, at the request of plaintiffs' counsel, the
finding and judgment were withheld to permit plain-
tiffs' counsel to prepare and submit declarations of
law. Subsequently, and during the same term, to-wit,
November 1, 1889, the plaintiffs' counsel did submit
several instructions. The court immediately took up
the cause and passed on the instructions, giving some
and refusing others. Thereupon plaintiffs asked leave
to take a nonsuit, which the court denied, and pro
ceeded, over the objections of the plaintiffs, to enter
a judgment in the cause.' The Kansas City Court of
Appeals held that it was error to refuse to allow the

Bank v. Butler.

plaintiffs to take a nonsuit under such circumstances. And that judgment of that Court of Appeals was manifestly right. For when the case was originally submitted no instructions were asked, and when about to enter a judgment, the court, at the plaintiffs' request withheld the finding and judgment so as to permit the plaintiffs' counsel to prepare and submit declarations of law. This was clearly a setting aside of the original submission, and a reopening of the case to let in matters that were not before the court when the case was originally submitted. Then, when the instructions were asked and ruled on and *before* the case was again submitted to the court, the plaintiff asked leave to take a nonsuit, and the court denied the request. The plaintiff was clearly within the protection of the statute, and the ruling of the Kansas City Court of Appeals in reversing the judgment was correct.''

We are unable to distinguish the subject-matter in judgment here from that involved in the above quotation, for if the leave granted plaintiff in that case to submit instructions operated to set aside the prior submission and authorized him thereafter to dismiss the suit as though it were not under submission, so, too, did the leave granted plaintiff in this case on May 28 operate to set aside the submission theretofore made, though a formal order to that effect was not entered, and authorized the act of dismissing the case thereafter. The judgment should be affirmed. It is so ordered. *Reynolds, P. J., Caulfield, J.,* concur.