### ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1913.

*(Continued from Volume 168.)*

WILLIAM M. BUNTING, Respondent, v. JOHN C. STONE. Appellant.

**Kansas City Court of Appeals, March 3, 1913.**

1. **PRACTICE: Final Submission: Dismissal: Further Argument.** Where a case has been finally submitted to a court or a jury, it cannot then be dismissed by the plaintiff. But if the evidence is closed and time given to the attorneys to argue the law by filing briefs, and the court, after the briefs were filed, announced views favoring the defendant, but stated he did so to give plaintiff's attorney the benefit of such views, so that he might hear further from counsel before deciding, whereupon plaintiff dismissed the action—it was *held* that the case had not been finally submitted to the court, and plaintiff had a right to dismiss.

2. ————: ————: ————:· **Evidence: Argument: Final Submission.** A case may be said to be submitted to a court or jury when the trial is begun; but it is not finally submitted, in the sense of the statute, before the evidence and argument have been concluded.

Appeal from Jackson Circuit Court.—*Hon. Jas. E. Goodrich*, Judge.

AFFIRMED.

*H. H. McCluer* and *O. E. Robinson* for appellant.

The court erred ·in permitting the plaintiff to dismiss this suit after the same had been finally submitted and in not sustaining defendant's motion to set aside the dismissal and reinstate the cause. Sec. 1980, R. S. 1909; Publishing Co. v. Gordon, 173 Mo. 139; Board of Education v. Fidelity & Guaranty Co., 155 Mo. App. 109.

*E. Wright Taylor* for respondent.

ELLISON, P. J.—Plaintiff's action was in equity, to restrain defendant from further engaging in mercantile business in Kansas City prior to the 21st day of June, 1919, in accordance with his contract to that effect. The case came up for trial and was heard by the court. Whether it was fully heard and finally submitted is the point of controversy in this appeal. Plaintiff claims that before it was finally submitted he offered to dismiss the case. Defendant objected, but the court overruled his objection and dismissed the case as requested by plaintiff, and defendant appealed from the judgment of dismissal.

The case depends altogether upon a proper interpretation of the trial court's action, one part of the record. The case was heard and the court gave counsel for the parties leave to argue the case by written briefs in support of their respective theories. There was much informality in subsequent proceedings. It seemed difficult to get the counsel before the court at the same time. Defendant's counsel made suggestions at times when counsel for plaintiff was not present. Finally the court succeeded in getting both of them in,

when he stated to them he "was engaged in finishing a written opinion in the case which he had not concluded, but he would read it as far as completed, and that unless the plaintiff could dislodge the views he entertained as expressed in the opinion, he was going to dispose of the case in accordance with that opinion." The record shows that the court "then proceeded to read the opinion as far as he had completed the same in a rough pencil draft."

It may be conceded that the court read from this until it became apparent that its views were against plaintiff's case. "And thereupon plaintiff, in open court asks to dismiss the case; and the defendant objects thereto on account of the case having been submitted to the court." The court stated that "the legal points had not been argued at all at the time of the trial, it being understood that briefs were to be furnished; and this is the first time Mr. Taylor has been present since he furnished his brief and I wanted before deciding the matter, to give him my ideas about the case, so that I could hear from him further, as to matters that had arisen and which I had discovered since the filing of his brief."

It is apparent from the foregoing that there was not a final submission of the case to the court. The court's two statements above set forth, one at the beginning and the other at the ending of the matter at the last day of the controversy, show that the cause was yet open for argument when plaintiff dismissed.

The statute (Sec. 1980, R. S. 1909) is that plaintiff may dismiss his case "at any time before the same is finally submitted to the jury, or the court sitting as a jury." The court said to the plaintiff *unless you can dislodge* my present inclination, I will decide in accordance with the opinion I now have. That was, of course, understood to be an invitation for counsel yet to argue the case, and so the court, itself, interpreted it. For the court stated that he was giving his ideas

of the case so that he could hear from counsel further before deciding.

What does the statute mean by the expression giving right to a dismissal of a suit "at any time before the same is finally submitted" to the jury or to the court? In one sense a case is submitted to the court or jury as soon as the trial is begun. But it is not really submitted for decision until the evidence is heard and argument on the evidence and law applicable thereto is concluded. So the statute reads "finally submitted." Now no one would say that a case was finally submitted to the jury, or to the court if tried without a jury, until it had been argued. A litigant desiring to argue a case could hardly be said to have finally submitted it before his argument was made.

We are cited by defendant to Lawyers Co-Op. Pub. Co. v. Gordon, 173 Mo. 139, and Board of Education v. U. S Fid. & Guar. Co., 155 Mo. App. 109. We take those cases, when applied to this record, as sustaining the plaintiff. In the first one, it will be noticed by reference to page 141, that after the expiration of the period of "advisement" and for filing briefs under which the court took the case, viz., the next term, the court *decided* the case and "announced its finding and verdict for the defendant. And *after* the verdict was announced by the court, plaintiff asked leave to take a nonsuit." But as we have seen, there was no such state of facts in this case. In further support of the court's ruling, see Lawrence v. Shreve, 26 Mo. 492, and Wilson v. Stark, 42 Mo. App. 376. The judgment is affirmed. All concur.