HECTOR D. McLEAN, Appellant, v. BERNARD STUVE,
Respondent.

March 18, 1884.

1. WAGERS — OPTIONS — CONTRACTS. — Transactions in which it is under-
stood that there is to be no actual delivery of the goods, but in which
settlements and payments of the differences in the market value of the
goods are to be made, are mere wagers.

3. ——BROKERS.—A broker who engages in such transactions for others
with a knowledge of their real character can not recover losses by him
sustained by reason thereof.

4. PRACTICE — NOTICE — JUDGMENT. — It is not error for the court, before
whom the cause is tried without a jury, to take the case under advise-
ment and to thereafter render judgment for the defendant without noti-
fying the plaintiff.

5. ——NON-SUIT. — Voluntary non-suits can not be taken after a submission
of the cause.

APPEAL from the St. Louis Circuit Court, LUBKE, J.
Affirmed.

G. M. STEWART, for the appellant: It has been held
that a broker may recover for his services and advances
though rendered and made in wager contracts. — 16 Cent.
L. J., 225 ; Roundtree v. Smith, 2 Sup. Ct. Rep. 630. When
the contract is made in good faith by the broker, and there
is no proof of improper intentions on the part of the person
to whom he sells or from whom he buys for his principal,
he may recover irrespective of the intention of his princi-
pal. — Kent v. Miltenberger, 12 Mo. App. 503 ; Bartlett v.
Smith, 13 Fed. Rep. 263 ; Lehman v. Strassberger, 2
Woods C. C. 554 ; Durant v. Burt, 98 Mass. 167 ; Saw-
yer v. Taggart, 14 Bush, 727 ; Hatch v. Douglass, 48
Conn. 116, 128. The court should not have rendered
judgment without notice to the parties. — Lawrence v.
Shreve, 26 Mo. 492 ; Huthsing v. Mans, 36 Mo. 101, 109.

FRED. T. LEDERGERBER and HUGO MÜENCH for the re-
spondent: The " deals" or transactions, advances on which

are sought to be recovered are wagers.— *Dickinson* v. *Thomas*, 98 Pa. St. 278 ; *Waterman* v. *Buckland*, 1 Mo. App. 45 ; *Williams* v. *Tiedeman*, 6 Mo. App. 269 ; *Given* v. *Sims*, 61 Mo. 339. In such cases the broker can not recover. — *Ream* v. *Hamilton*, — Mo. App. — ; *Levy* v. *Loeb*, 85 N. Y. 367, 371, 372. A non-suit can not be taken after the cause has been submitted. — *Hesse* v. *Ins. Co.*, 21 Mo. 93 ; *Lawrence* v. *Shreve*, 26 Mo. 492.

THOMPSON, J., delivered the opinion of the court.

This was an action for moneys expended by the plaintiff's assignor, W. P. Rickart, at the request of the defendant, in buying and selling wheat and corn for future delivery. The answer sets up, among other defences, by appropriate averments, that the transactions were mere wagers upon the state of the market. There was substantial evidence to the effect that Rickart, being a broker, entered into an arrangement with the defendant whereby Rickart should buy and sell for future delivery for the defendant the commodities named, so manipulating the transactions that no delivery in fact should take place, but that the "deals" should be closed and settled by new sales and purchases, or by the settlement of differences, before the time for delivery in any case should arrive ; that, in pursuance of such arrangement, he kept a running account with the defendant, charging the defendant with losses, with "margins" which were called, and with commissions, etc., and crediting him with gains upon the various transactions. It distinctly appears from the testimony of the defendant, that it was understood at the outset that none of the commodities bought or sold should be received or delivered. There was, therefore, substantial evidence warranting the trier of the fact in finding that these were not intended in their inception to be *bona fide* sales and purchases, but that they were intended to be mere bets or wagers upon the future state of the market. If this were so, they were such contracts as the law condemns, and as

courts of justice will not enforce.  *Waterman* v. *Buckland*,
1 Mo. App. 45 ; *Williams* v. *Tiedemann*, 6 Mo. App. 269 ;
*Kent* v. *Miltenberger*, 13 Mo. App. 503 ; *Ream* v. *Hamilton*, *post*, p. —.

1. The case was tried by the court without a jury, and
the verdict and judgment were for the defendant.  The
court gave a very full series of declarations of law, which
show that the case was carefully tried in conformity with
the last decision of this court which had, at that time, been
rendered upon the question.  *Kent* v. *Miltenberger*, *supra*.
In addition to the instructions given, the learned judge of
the circuit court drew up in writing a very clear summing
up of his conclusions upon the facts of the case, showing
that he placed his decision upon the ground that the evi-
dence showed that the transactions were mere bets or wagers
upon the future state of the market, within the rule of law
as declared by that case.  This summing up very clearly
vindicates his conclusion upon the facts ; but it is sufficient
for us to see that there was substantial evidence in support
of such a conclusion ; we have nothing to do with the weight
of the evidence.  In favor of such a conclusion, the evi-
dence is much stronger in this case than in the recent case
of *Ream* v. *Hamilton* (*supra*), where we found ourselves
unable to disturb a similar finding of fact.

There remains no other question to be considered upon
the merits, except the contention of the plaintiff that, al-
though as between the defendant and the ultimate party
with whom the sales and purchases were made, these were
unlawful transactions, yet this does not preclude the broker,
through whose agency they were made, from recovering his
losses in respect of them.  This question was before us in
*Ream* v. *Hamilton* (*supra*), and we held that where a
broker engages in such enterprises with knowledge of their
unlawful character, he can not recover for any losses which
he may thereby sustain.  The instruction asked on behalf

of the plaintiff to the contrary effect was, therefore, rightly refused. Indeed, there was evidence in this case which had a tendency to make the position of Rickart in respect of the transactions quite as bad as that of the defendant; for there was evidence to the effect that he encouraged the defendant to engage in these transactions, explaining to him how the deals could be managed, both here and in Chicago, so as to avoid actual delivery.

2. The appellant complains that, after the parties had submitted their instructions to the court, the court took the questions of law thereby presented under advisement, and held them under advisement until a future term, when, without notifying the parties to be present, the learned judge came into court and rendered his decision upon these instructions, and at once gave judgment for the defendant, whereby the plaintiff was deprived of the opportunity of taking a non-suit. If these were the real facts, the action of the court was erroneous. *Lawrence* v. *Shreve*, 26 Mo. 492. But it does not appear that these were the facts. The record recites, under date of Friday, March 23d, as follows: " Now at this day come again said parties, by their respective attorneys, and thereupon the trial progressed, and being terminated, is submitted to the court upon the evidence and proofs adduced, and the court takes time to consider thereof." It further recites, under date of Tuesday, June 5th, the same being a day of a subsequent term (a special June term), as follows : " Now, at this day, the court having duly considered the evidence and proofs herein adduced, and being fully advised of and concerning the premises, doth find the issues herein joined in favor of defendant. It is, therefore, considered by the court that plaintiff take nothing by his suit in this behalf, and that the defendant go hence without day, and recover of plaintiff his costs and charges herein expended, and have execution therefor." There is nothing in the bill of exceptions which

distinctly contradicts these recitals. Towards the close of the bill of exceptions, after the statement of the rulings of the court upon the instructions, and the plaintiff's exceptions to such rulings, there is this additional recital: "To which action of the court in rendering judgment in said cause without having notified plaintiff's counsel of its action in giving and refusing instructions, and in rendering judgment for defendant, the plaintiff then and there duly excepted." But there is nothing in this to contradict the recital in the record which shows that the submission on the 23d of March was not merely a submission of requests for instructions, but was a submission of the whole case "upon the evidence and proofs adduced." As the whole case was submitted to the court on that day, the plaintiff was not entitled to notice of the rulings of the court upon the instructions before the rendition of the final judgment of the court; nor could he have been allowed, in any event, to take a non-suit after the submission of the whole case to the court. Had he desired to reserve the right to take a non-suit in case of unfavorable rulings upon his instructions, he should have notified the court to that effect on the 23d of March, and submitted his instructions without submitting the whole case. This would have avoided the whole difficulty. The ground here urged was made one of the grounds of the plaintiff's motion for a new trial, in the court below; and we can not doubt that the learned and fair-minded judge who tried the case would have set aside his judgment and corrected his entry of the 23d of March, if he had not understood that that entry recited the fact as it really existed, namely, that the entire case had been submitted to him on that day for his determination.

The judgment is affirmed. All the judges concur.