# THE LAWYERS' CO-OPERATIVE PUBLISHING COMPANY v. GORDON, Appellant.

### Division One, March 18, 1903.

1. **Nonsuit: WHEN TAKEN.**  Where the whole case is finally submitted to the court sitting as a jury, on a demurrer by defendant at the close of the evidence for plaintiff, and the court is possessed of the whole case without any limitations or qualifications as to terms or purposes of submission, without any instructions being asked by plaintiff and without either party asking that defendant's instruction be passed upon before the case be taken as submitted, a nonsuit asked after the court has announced its verdict and judgment for defendant, should not be granted.   Nor is it material in such case that the court did not expressly rule on the instruction asked by defendant.

2. ———: **PRACTICE: LAW AND FACTS.**  If the parties desire the law and facts to be passed on separately, they should ask declarations of law and request the court to pass on them before the case is finally submitted for adjudication.  When they finally submit the case without so doing, it is proper for the court to pass upon the law and the facts at the same time, and after this is done it is too late to take a nonsuit.

Transferred from Kansas City Court of Appeals.

REVERSED AND REMANDED (*with directions*).

*Curtis Haydon, N. T. Gentry* and *E. W. Hinton* for appellant.

(1)  If the reason assigned by the trial court in its order is insufficient to warrant the granting of a new trial, then the order must be reversed unless respondent affirmatively justifies the action of the court on some other ground; and, hence, counsel for the

appellant here thought it unnecessary in the first instance to go beyond the reason given.   Miller v. Cor. Co., 130 Mo. 517; Candee v. Railroad, 130 Mo. 142. (2)   The offer to take a nonsuit after the submission of the cause and after the verdict had been announced, came too late, and, hence, the refusal of the court to permit a nonsuit at that stage of the case constituted no ground for a new trial.   R. S. 1899, sec. 639; Brewing Co. v. Smith, 59 Mo. App. 476; Reed v. Reed, 39 Mo. App. 473.

*W. H. Truitt, Jr.,* for respondent.

The demurrer having been taken under advisement should have been called up by the court and passed on before the verdict and judgment was entered; otherwise, there is no final submission.   Lawrence v. Shreve, 26 Mo. 492; Mayor v. Old, 51 Mo. App. 217; Wilson v. Stark, 42 Mo. App. 376; 2 Thompson on Trials, 158; Smith v. Sedalia, 152 Mo. 296; Hewitt v. Steele, 118 Mo. 463; Bank v. Wood, 124 Mo. 76.

MARSHALL, J.—This is an action of assumpsit, on account, to recover a balance of one hundred dollars, for goods sold and delivered to defendant at his request.   The answer is a general denial, supplemented by a special plea that the plaintiff is a foreign corporation and has never complied with the laws of this State respecting foreign corporations, and therefore is not entitled to sue.   Upon the trial the plaintiff offered the deposition of its treasurer who testified to the state of the account, and the plaintiff then called the defendant, by whom it showed a written contract for the sale of the goods, and whose testimony further tended to show that the plaintiff had not performed its part of the written contract, and had not delivered all the goods contracted for and embraced in the account sued upon, and that he had paid for all the goods delivered, except

perhaps two of the books, as to which he was uncertain.

The record then shows the following order:

"Now on this day comes the plaintiff by its attorney and the defendant comes in person and by his attorneys, and this case being called for trial, both parties answer ready, and neither party requiring a jury, the issues herein joined are submitted to the court by oral consent in open court entered on the minutes, and at the close of the evidence of plaintiff the defendant files demurrer to the evidence, and at the close of the evidence of defendant, the court doth take this cause under advisement on the demurrer and evidence until next term, and the parties are required to furnish briefs in vacation.

"And thereafter, on the 13th day of February, 1900, during the regular February term, the court announced its finding and verdict for the defendant. And after the verdict was announced by the court, plaintiff asked leave to take a nonsuit, which the court refused to permit him to do."

The plaintiff, in due time, filed a motion for a new trial, alleging, *inter alia*, error of the court in refusing to allow the plaintiff to take a nonsuit.   Thereafter the court entered the following order:

"Now at this day come the parties hereto, plaintiff and defendant, by their respective attorneys, and the motion heretofore filed by plaintiff to set aside the verdict in this cause coming on to be heard, and being seen and heard by the court, is sustained for the purpose of permitting plaintiff to take a nonsuit, whereupon plaintiff takes nonsuit. It is therefore ordered and adjudged by the court that the defendant have and recover of plaintiff, the Lawyers' Co-operative Publishing Company, and W. H. Truitt, Jr., its security, all cost of this cause and have thereof execution."

The defendant saved proper exception to this ruling of the court, and filed a motion to set it aside, which being overruled, he appealed to the Kansas City Court of Appeals. That court affirmed the judgment below, but transferred the cause to this court, because one of the judges of that court deemed the decision to be in conflict with the decision of the St. Louis Court of Appeals in the case of McLean v. Stuve, 15 Mo. App. 317, and, therefore, under section 6 of the amendment of 1884 to article 6 of the Constitution, this court has jurisdiction, and must rehear and determine the case as in case of jurisdiction obtained by ordinary appellate process.

## I.

The ruling of the trial court in sustaining the plaintiff's motion for a new trial "for the purpose of permitting plaintiff to take a nonsuit," is the vital point involved here.

The Kansas City Court of Appeals affirmed this ruling on the ground that the trial court erred in refusing to allow the plaintiff to take a nonsuit, and corrected that error by the ruling in question. That appellate court cited two cases decided by it, in support of its decision, to-wit, Wilson v. Stark, 42 Mo. App. 376, and Mayer v. Old, 51 Mo. App. 214. And counsel for plaintiff supplements these references with the case of Lawrence v. Shreve, 26 Mo. 492.

It is said these cases lay down a different rule from that announced in McLean v. Stuve, 15 Mo. App. 317.

But a careful analysis of these cases and a differentiation of the facts in judgment will show that there is no such difference between the decisions of the two Courts of Appeals in their prior decisions, and that no such conflict exists between such prior decisions of the two Courts of Appeals and the decision of this court in Lawrence v. Shreve, supra.

Section 639, Revised Statutes 1899, provides: "The plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterward."

This statute has been in force since before the decision in Lawrence v. Shreve, 26 Mo. 492, which was in 1858, except that the words, "and not afterward," were added in the revision of 1865.

Necessarily all of the cases have gone off upon an application of this statute to the facts in each case, and the construction of the meaning of the statute as to when a case is finally submitted.

In McLean v. Stuve, 15 Mo. App. l. c. 320, it is said: "*The appellant complains* that, after the parties had submitted their instructions to the court, *the court took the questions of law thereby presented under advisement* [the italics are superadded] and held them under advisement until a future term, when, without notifying the parties to be present, the learned judge came into court and rendered his decision upon these instructions, and at once gave judgment for the defendant, whereby the plaintiff was deprived of the opportunity of taking a nonsuit. *If these were the real facts the action of the court was erroneous.* [Lawrence v. Shreve, 26 Mo. 492.] . *But it does not appear that these were the facts.*" [The italics are superadded.]

The court then quotes the record entries and shows that the court did not simply take the questions of law presented by the parties under advisement, as the plaintiff contended, but that the case was submitted to the court "upon the evidence and proofs adduced, and the court takes time to consider thereof." The court further points out that if the plaintiff had not intended to finally submit the case upon both the law and the facts, he should have notified the court that he desired to submit only the questions of law, and that he desired

to take a nonsuit if the ruling of the court upon the law was adverse to him.

In Wilson v. Stark, 42 Mo. App. 376, the facts were that the case was tried and submitted and taken under advisement by the court. No instructions were asked. Thereafter, on October 25, 1889, "the judge of the court was proceeding to announce its decision in defendants' favor, when, at the request of plaintiffs' counsel, the finding and judgment were withheld to permit plaintiffs' counsel to prepare and submit declarations of law. Subsequently, and during the same term, to-wit, November 1, 1889, the plaintiffs' counsel did submit several instructions. The court immediately took up the cause and passed on the instructions, giving some and refusing others. Thereupon plaintiffs asked leave to take a nonsuit, which the court denied, and proceeded, over the objections of the plaintiffs, to enter a judgment in the cause." The Kansas City Court of Appeals held that it was error to refuse to allow the plaintiffs to take a nonsuit under such circumstances. And that judgment of that Court of Appeals was manifestly right. For when the case was originally submitted no instructions were asked, and when about to enter a judgment, the court, at the plaintiffs' request withheld the finding and judgment so as to permit the plaintiffs' counsel to prepare and submit declarations of law. This was clearly a setting aside of the original submission, and a reopening of the case to let in matters that were not before the court when the case was originally submitted. Then, when the instructions were asked and ruled on and *before* the case was again submitted to the court, the plaintiff asked leave to take a nonsuit, and the court denied the request. The plaintiff was clearly within the protection of the statute, and the ruling of the Kansas City Court of Appeals in reversing the judgment was correct.

There is no conflict between this decision and that of the St. Louis Court of Appeals in McLean v. Stuve,

15 Mo. App. l. c. 320, for in the latter case it was clearly said the action of a court under such circumstances would be erroneous.

In Mayer v. Old, 51 Mo. App. 214, the case was tried before the court, the plaintiff adduced his evidence, the defendant demurred to the evidence; the court sustained the demurrer; the plaintiff asked to take a nonsuit with leave, but the court denied him such right and entered a judgment for the defendant. There can be no room for doubt that the Kansas City Court of Appeals was right in holding the ruling of the trial court to be erroneous, for it is quite too obvious for discussion that the case never was finally submitted, and therefore the plaintiff had a right under the statute to take a nonsuit.    There is no conflict between this case and the case of McLean v. Stuve, supra.

None of these cases, however, involved the question that is present in the case at bar, for here the record says the case was tried, "the issues herein joined are submitted to the court by oral consent in open court, entered on the minutes, and at the close of the evidence of plaintiff the defendant files demurrer to the evidence, and at the close of the evidence of the defendant, the court doth take this *cause* under advisement, on the *demurrer* and *evidence* until next term, and the parties are required to furnish briefs in vacation."    Here there is a clear, final, submission of both the law and the facts to the court, and the court took the whole case under advisement.

Afterwards, at the next term, the court, without ruling upon the defendant's demurrer to the evidence "announced the finding and verdict for the defendant." The record then says: "And *after the verdict was announced* by the court, plaintiff asked leave to take a nonsuit, which the court refused to permit him to do."

Hence, the plaintiff has not brought itself within the rule laid down in either or any of the said decisions

Vol 173 mo—10

of either of the Courts of Appeals. Therefore, the plaintiff must find some authority from some other source to support his claim that there was no final submission of this cause, and that it was entitled to take a nonsuit.

The plaintiff's counsel cites Lawrence v. Shreve, 26 Mo. 492, as affording such authority. Outside of what is said in the opinion, the facts in that case do not appear. The opinion of NAPTON, J., is as follows:

"We think the plaintiff should have been allowed to take a nonsuit in this case. The statute says: 'The plaintiff shall be allowed to dismiss his suit, or take a nonsuit, at any time before the same is finally submitted to the jury, or the court sitting as a jury, or to the court.' When a case is tried by a jury it has been the uniform construction of this law, in practice, to allow a party to get the opinion of the court upon the law of his case in the form of instructions and then withdraw his suit if that opinion is unfavorable. The same opportunity ought to be afforded in cases where the court is permitted to decide the law and try the facts as a jury, if the parties request a declaration of the law from the court.

"In this case the court took the *question of law* under advisement, and when the decision was made the whole case was decided together, and no opportunity given for a nonsuit. The instruction given for the defendant was merely an instruction upon the evidence that the plaintiff was not entitled to recover; but the character of the instruction can not vary the rights of the parties, and would rather seem to make it more imperative on the court to give the plaintiff an opportunity of determining whether he would proceed further with the case. The plaintiff can not insist upon immediate determination of the law asked for by the instructions offered; but if the court takes them under advisement, proceeding on with other business, it would seem to be reasonable, where no day is an-

nounced or by some rule of court established in which the decision will be made known, that the parties or their counsel should be informed when the court is ready to determine the instructions.   Any other practice would deprive plaintiff of the right given him by the  statute to take a nonsuit at any time before the final submission of the case.

"The judgment will be reversed, and the plaintiff has leave to enter a nonsuit; the other judges concur."

It will be observed, however, that that case is unlike the case at bar for the reason that it is stated in the opinion, and does not otherwise appear anywhere in the report of the case, that the whole case was never finally submitted to the court.   It is distinctly stated in the opinion:  "In this case *the court took the question of law under advisement* [the italics are superadded] and when the decision was made the whole case was decided together, and no opportunity given for a nonsuit."

The case was tried before the court.   At the close of the plaintiff's evidence the defendant demurred to the evidence.   The court took the question of law under advisement.   The question of law was whether the plaintiff had made out a prima facie case.   The defendant had introduced no evidence.   The whole case was not finally submitted to the court for decision. Such a submission was only a qualified submission, or more properly speaking it amounted only to a suspension of the trial until the court could decide whether the demurrer to the evidence should be sustained or overruled.   It was in no proper sense a final submission.   For if it had been overruled, the plaintiff was not entitled to an immediate judgment, but the defendant would have been entitled to introduce his defense.   So, on the other hand, if it was sustained, the plaintiff was entitled to take a nonsuit, because the trial had never ended and the case was never submitted.

Therefore, the decision in that case was clearly right, but it affords no precedent for the ruling in this case.

Aside from this, however, what is said in that case and the other cases cited, must be read in the light of the facts in judgment in each case, and remarks that were proper and pertinent in those cases might be most misleading if applied to cases involving different conditions.

"In debt upon an obligation, upon demurrer, the case being argued, the opinion of the court was against the plaintiff, and rule given, that judgment should be entered for the defendant; and the plaintiff prayed that he might be nonsuited; and because he had at the same term appeared, and argued by his counsel, and had prayed judgment, he could not be nonsuited the same term." [7 Bacon's Abr., title Non-Suit, D. p. 219, with Am. and Eng. Dec. by Bouvier.]

The same author, p. 220, says: "But after verdict, or after the cause has been opened, he can not become nonsuited but by leave of court." To the same effect the American Annotator cites Locke v. Wood, 16 Mass. 316; Hendrick v. Stewart, 1 Overton (Tenn.) 476, and Haskell v. Whitney, 12 Mass. 49.

In Locke v. Wood, supra, when the verdict was returned and before it was recorded, the plaintiff moved that the verdict be set aside and for leave to discontinue, which was denied and the verdict was recorded, the trial court holding it to be in the discretion of the court to allow a nonsuit after a verdict rendered, and believing it to he dangerous to establish such a precedent. The plaintiff contended that a plaintiff was entitled to take a nonsuit or to discontinue, at any stage of the action before judgment. "But the court were of opinion that there was no such right, and that, after a cause is opened to the jury, and begun to be proceeded in before them, the parties are entitled to a verdict, unless the court should, in its discretion, allow a nonsuit or discontinuance."

In Hendrick v. Stewart, supra, it was said: "The case in Haywood is decisive, that the nonsuit should be demanded after the jury return their verdict, and before it is recorded. Upon this last ground, we are of opinion, that the motion was made too late; and that the rule must be discharged."

In Haskell v. Whitney, 12 Mass. 49, it was held that after the parties had consented to a reference of the case, with a stipulation that a judgment might be entered upon the report, neither party could rescind the agreement, and that the plaintiff was not entitled to take a nonsuit. In a note to this case at pages 50-51, will be found quite a collection of cases bearing upon the right of a plaintiff to take a nonsuit.

These cases, of course, are not controlling authority in this case, nor did they arise under statutes altogether like ours, but they serve to throw light upon the practice in this regard, and are valuable aids in construing the meaning of our statutes as to when a case is considered as finally submitted to the court.

In Templeton v. Wolf, 19 Mo. 101, after the evidence was closed and the instructions had been given, the plaintiff asked leave to take a nonsuit, which the trial court refused. This court held such refusal to be error, and GAMBLE, J., said: "The statutes of this State have always recognized the right of a plaintiff to take a nonsuit, and have limited its exercise to the time previous to the retiring of the jury to consider their verdict."

By a parity of reasoning, the right to take a nonsuit in a case tried before the court without a jury should be limited to the time previous to the court taking the case under advisement, for the purpose of deciding it.

In Wood v. Nortman, 85 Mo. l. c. 303, a record of a previous trial was offered in evidence, from which it appeared that the case was tried and a judgment entered on October 1, 1877; that on October 8, 1877, the

plaintiff moved to set aside the verdict, "stating as the ground of the motion that the case was not submitted on the merits, but upon the question whether or not the plaintiff should be permitted to introduce further evidence in support of his case, and because it was understood by the court and the parties, before the judgment was rendered, that the plaintiff might have the right of entering a nonsuit." The court sustained the motion and permitted the plaintiff to take a nonsuit. The question became important in Wood v. Nortman, because if the nonsuit was properly allowed that suit was not barred by limitation, because although it was not brought within the ordinary period of limitation, it was brought within one year after the nonsuit was taken in the former case. It was contended that under the statute in reference to nonsuits the court had no power after the cause was submitted and the judgment was entered, to set aside the judgment and permit the plaintiff to take a nonsuit, but that the defendant was entitled to the benefit of the judgment he had obtained. In passing on this question Norton, J., said:

"It has been held that, under the above section a nonsuit may be taken at any time before the jury retires, or before a final submission to the court, and after the law is declared. [Templeton v. Wolf, 19 Mo. 101; Lawrence v. Shreve, 26 Mo. 492.] We think it apparent, from the ground relied on, and the reason given in the motion to set aside the judgment, as hereinbefore stated, that the judgment of the court, rendered on the first day of October, 1877, was prematurely rendered, and before the cause, according to the understanding of the parties, was finally submitted to the court, and the court must necessarily have so found when it sustained the motion, set aside the judgment and permitted plaintiff to take a nonsuit. Under the circumstances of this case, as we have referred to them, the nonsuit was properly allowed. The court not only had the right, but it was its duty, if the facts were as

stated in the motion, to set the judgment aside, and, when set aside, the case stood before the court as if no judgment had been rendered in the case or trial had, and without any impairment of plaintiff's right to take a nonsuit.''

It will be observed, however, that this ruling was expressly placed upon the ground that there had never been a final submission of the whole case to the court, within the meaning of the statute, but only a qualified submission or suspension of the trial, for the purpose of allowing the court time to decide an intermediate question of law, arising in the course of the case, but which did not necessarily go to the whole law of the. case, and did not involve at all a judgment or finding of the facts.

That case, therefore, is no authority in the plaintiff's favor in this case, but the logic and reason of it is all against this plaintiff. For here it can not be denied that the whole case was finally submitted to the court, and the court was possessed of the whole case without any limitations or qualifications as to the terms or purposes of the submission, and this, too, without any instructions being asked by the plaintiff and without either party asking that defendant's instruction be passed upon before the case be taken as submitted, and the application for leave to take a nonsuit was not made until after the court had announced its verdict and judgment upon the whole case. The fact that the court did not expressly rule on the instruction asked by defendant is immaterial in this case, for in entering judgment for defendant the court necessarily passed judgment on the law as well as the facts of the case.

If the parties desire the law and the facts passed upon separately, they should ask declarations of law and request the court to pass upon them before the case is finally submitted for adjudication. When they finally submit the case without so doing it is competent

and proper for the court to pass upon the law and the facts at the same time.

It is proper to observe that section 695, Revised Statutes 1899, provides that in cases tried before the court, "it shall not be necessary to state its finding, except generally, unless one of the parties requests a special finding with the view of excepting to the decision of the court upon the question of law or equity arising in the case, in which case the court shall state in writing the conclusions of fact found separately from the conclusions of law."

Here is express statutory provision permitting the court, when a case is finally submitted, without the parties insisting upon the instructions being passed upon before submission to enter a general finding unless one of the parties requests a special finding, and in case of such a request, expressly requiring the court to state in writing the conclusions of law and fact separately. The conclusions of law and fact are here required to be found at the same time, either generally or, if requested, specially.

It follows that the trial court erred in sustaining the motion for a new trial and in permitting the plaintiff to take a nonsuit after the whole case had been submitted and after the court had announced its verdict and judgment, and therefore its order in that regard is reversed and the cause remanded with directions to set aside the order sustaining the motion for a new trial and allowing the plaintiff to take a nonsuit, and to overrule said motion and to reinstate the finding and judgment heretofore entered by it in favor of the defendant. All concur.