## BOARD OF EDUCATION OF CITY OF ST. LOUIS, ex rel. PHILIP CAREY COMPANY, Relator, Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.

**St. Louis Court of Appeals, January 24, 1911.**

1. **PRINCIPAL AND SURETY: Schools: Building Bond: Interpretation.** Sections 6761 and 6762, Revised Statutes 1899, relating to public buildings, become part and parcel of the obligation assumed by a surety in a building bond given in accordance with said sections.

2. ————: ————: ————: **Suit by Person Not in Privity.** Where a Board of Education entered into a contract with a firm, by which the latter agreed to do certain work in a school building, and said firm entered into a bond, as required by section 6761, Revised Statutes 1899, and said firm did not perform the work, but another firm did so, for whom relator furnished and installed material, and the firm doing the work was not acting under contract with the Board of Education, which was authorized by the provisions of the bond to complete the work in case the original contractor defaulted, nor with the original contractor, relator was neither a materialman nor a laborer, in the eye of the law, entitling him to maintain an action on the bond for the price of said material, under section 6762, since the' essential privity of contract between his debtor and the owner of the building or original contractor was absent.

3. ————: **Surety's Obligation: Construction of Contract.** Though a surety is regarded as a favorite of the law and his obligation is considered *strictissimi juris*, a contract of suretyship is nevertheless interpreted in accordance with the identical rules that obtain with respect to other undertakings, and is to be given a reasonable interpretation, according to the intent of the parties as disclosed by the instrument, read in the light of surrounding circumstances and the purposes for which it was made.

4. ————: Schools: Building Bond: Interpretation. A contract executed to a board of education for the installation of certain apparatus in a school building, the bond given for the payment for all material and labor, pursuant to section 6761, Revised Statutes 1899, and sections 6761 and 6762 are to be read together, and, so read, constitute the entire obligation of suretyship assumed by the bond.

5. ————: ————: ————: Suit by Third Person Not in Privity. Under sections 6761 and 6762, Revised Statutes 1899, requiring contractors for public work to give bond to secure payment for materials and labor, whether by subcontract or otherwise, and giving materialmen and laborers the right to sue on the bond, a bond given to a Board of Education, which stipulates for the payment to the persons furnishing materials used in the work, and which authorizes an assignment of the bond to sub-contractors, materialmen and laborers, who, at the instance of the contractor, have furnished work or material for the work, and which gives the Board of Education authority to complete the work in the event the contractor fails to do so, binds the surety to answer for the default of the contractor, or the school authorities on the default of the contractor, but does not bind the surety to answer for the default of a third person, unless he derives his right to do the work by contract with the contractor or a sub-contractor.

6. ————: ————: ————: ————: Statutes Construed. Sections 6761 and 6762, Revised Statutes 1899, are *in pari materia*, and must be read together, and, when so read, the only persons authorized to sue on the bond are those furnishing material or labor for any contractor or subcontractor.

7. ————: Right of Surety to Indemnity. A surety has a right to be indemnified by his principal for whatever sum he has paid out in discharge of the principal's obligation.

8. NONSUIT: Right of Plaintiff. Under section 1980, Revised Statutes 1909, plaintiff may ascertain the opinion of the court upon the law of the case, by its action on instructions, and may withdraw the suit, before final submission on the merits, if the opinion of the court is unfavorable to him; and where an instruction requesting the court to direct a verdict is asked, and *this question of law only* is taken under advisement, a nonsuit should be allowed on plaintiff's request, after the court announces its ruling on the instruction.

9. ————: ————: Request After Submission of Case. Under section 1980, Revised Statutes 1909, where the parties submit the cause to the consideration of the court, on the proof and an instruction asking for a directed verdict, without reservation as to the right to nonsuit or introduce further evidence,

plaintiff has no right to take a nonsuit upon the announcement of the court's finding that plaintiff had not made out a prima facie case and was not entitled to recover.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*S. C. Rogers* for appellant.

(1)   The court erred in giving defendant's instruction numbered 1 at the close of relator's case in the nature of a demurrer to appellant's evidence. Lime & Cement Co. v. Wind, 86 Mo. App. 163; R. S. 1899, secs. 6761, 2; R. S. 1909, secs. 1248-9; State ex rel. v. Rubber Mfg. Co., 149 Mo. 212; Childers v. Railroad, 141 Mo. App. 667; Hicks v. McCown, 129 S. W. 76; Statutes Indiana, sec. 5897; Statutes Kansas, sec. 5578; Statutes Massachusetts, sec. 77; Statutes Michigan, secs. 10, 74, pp. 32-39; Statutes Minnesota, sec. 4030; Statutes Washington, sec. 6121; Commissioners of Jewel Co. v. Mfg. Co., 52 Kan. 257; Combs v. Jackson, 69 Minn. 336; Duby v. Jackson, 69 Minn. 342; 13 Century Digest, Col. 1499, sec. 195 (G); Gilmore v. Westman, 43 Pac. 345; Erath & Flynn v. Allen & Son, 55 Mo. App. 107; Lynch v. Murphy, 119 Mo. 163; Brick & Terra Cotta Co. v. Hull, 49 Mo. App. 433; The Board v. Wood, 77 Mo. 197; Devers v. Howard, 144 Mo. 671; Martin v. Whites & Cox, 128 Mo. App. 125; Forge Co. v. Mfg. Co., 105 Mo. App. 484; Henry Co. v. Salmon, 201 Mo. 162.   (2)   The court erred in holding appellant could not recover owing to the want of any showing of a contractual relation between it and the obligee in the bond.   13 Century Dig. col. 1499, sec. 195 (G.); Gilmore v. Westman, 13 Wash. 390; Combs v. Jackson, 69 Minn. 336; Manny v. Surety Co., 103 Mo. App. 716; Bruce v. Berg, 8 Mo. App. 204; Martz v. Fullhart, 126 S. W. 964; Press Brick Co. v. School Dist., 79 Mo. App. 665; City of Kirkwood v. Byrne, 125 S. W. 810.   (3)   The court erred in holding

the board of education to be a municipal corporation and not within the purview of the provisions of sections 6761-62, R. S. Mo. 1899, Sec. 11030, R. S. Mo. 1909; State ex rel. v. Tracy, 94 Mo. 217; Board v. Woods, 77 Mo. 197; Heller v. Stremmel, 52 Mo. 309; Klein v. School Dist., 42 Mo. App. 460. (4) The court erred in refusing to modify the judgment and permit appellant to take a non-suit with leave. Lawrence v. Shreve, 26 Mo. 492. (5) The court erred in refusing to grant appellant a new trial as asked. City of St. Louis v. Von Phul, 133 Mo. 561; School Dist. v. Livers, 147 Mo. 580; R. S. 1909, sec. 2780; Summers v. Mut. Aid Assn., 84 Mo. App. 605; State ex rel. v. Loomis, 88 Mo. App. 500; School Dist. v. Beggs, 126 S. W. 530; Kansas City to use v. Youmans, 213 Mo. 151.

*John M. Wood* and *Edw. C. Kehr* for respondent.

(1) The obligation of the surety cannot be extended beyond the letter of the bond. City of Kirkwood, v. Byrne, 125 S. W. 810; Harris v. Taylor, 129 S. W. 995; Reissaus v. Whites, 128 Mo. App. 135; Martin v. Whites, 128 Mo. App. 117; Evans v. Graden, 125 Mo. 72; Nofsinger v. Hartnett, 84 Mo. 549; Bauer v. Cabanne, 105 Mo. 110; Ex parte James, 59 Mo. 280; Mallory v. Brent, 75 Mo. App. 473. (2) No one has the right of action on an agreement except those who are in the minds of the parties as the beneficiaries of its provisions. State ex rel. v. Loomis, 88 Mo. App. 506; Howsmon v. Trenton Water Co., 119 Mo. 304; State v. Railway Co., 125 Mo. 617. (3) A public school building is not subject to a mechanic's lien. Abercrombee v. Ely, 60 Mo. 23; State to use v. Tiedemann, 69 Mo. 308; Press Brick Co. v. School District, 79 Mo. App. 665. Could the relator, upon the facts stated in the petition and shown by the evidence, have filed and enforced a mechanic's lien against the building if the property had been subject to lien? Unquestionably not, for a contract with the owner or the contractor

is the foundation of the right to the lien. The Advance Engineering and Construction Company, not being the contractor, the relator could acquire no right to a lien. 1 R. S. 1899, sec. 4203; Planing Mill v. Brundage, 25 Mo. App. 268; Hause v. Carroll, 37 Mo. 576; Hengstenberg v. Hoyt, 109 Mo. App. 622; Horton v. Railroad, 84 Mo. 602; Badger L. Co. v. Knights of Pythias, 157 Mo. 366; Duross v. Broderick, 78 Mo. App. 260. (4) The debt for the work done and materials furnished by the relator is the debt of the Advance Engineering and Construction Company. Plaintiff concedes this and so alleges in the petition. The petition clearly states no cause of action and the point can be made at any time. McQuilty v. Wilhite, 218 Mo. 586; Eppright v. Kauffmann, 90 Mo. 25. (5) The relator did not furnish Kohlbry and Delaney any material or work and hence has no right of action on the bond. Mfg. Co. v. Lloyd, 113 Mo. App. 205. (6) Plaintiff was not entitled to take a nonsuit. The cause was tried on the 20th of May, 1909, and was submitted and taken under advisement that day. At the next term of court, namely, on June 29th, 1909, the court gave the instruction and rendered judgment for the defendant. Four days later the plaintiff filed a motion to set aside the judgment and allow it to take a nonsuit. The motion was properly overruled. Lawyers' Co-op. Pub. Co. v. Gordon, 173 Mo. 139.

NORTONI, J.—This is a suit on a building bond executed under the statute relating to public buildings. The finding and judgment were for defendant, United States Fidelity & Guaranty Company, surety on the bond, and plaintiff prosecutes the appeal.

It appears the Board of Education of the city of St. Louis contracted with E. Kohlbry and A. DeLaney, a co-partnership doing business under the firm name of the National Engineering & Construction Company, to install the heating and ventilating equipment of the Baden Public School Building in the city of St. Louis,

and defendant, United States Fidelity & Guaranty Company, became surety on their bond in the penal sum of $5375. The bond was executed under and in accordance with the statute in such cases made and provided (see secs. 6761, 6762, R. S. 1899, secs. 6761, 6762, An. St. 1906) and is conditioned for the faithful performance by Kohlbry and DeLaney, trading under the firm name of the National Engineering & Construction Company, in executing the contract in full accord with its provisions, and is for the use and benefit of all persons furnishing material or labor thereunder. It seems Kohlbry and DeLaney did not perform their undertaking, but a corporation, the Advance Engineering & Construction Company, subsequently formed, did so; and of this corporation it is said Kohlbry, one of the co-partners who entered into the contract in the first instance, was president. But there is not a word in proof tending to show the Advance Engineering & Construction Company, a corporation, had any contractual relation whatever with the co-partnership of Kohlbry & DeLaney or the Board of Education.

Relator, The Philip Carey Company, furnished and installed the covering for the steam pipes, which is parcel of the heating apparatus of the Baden School Building, under a contract with the Advance Engineering & Construction Company, for which it was to receive the sum of $1200, but there is nothing in the evidence tending to show that it had any contractual relation whatever with the co-partnership of Kohlbry & DeLaney, principal obligors in the bond, or with the Board of Education. The Advance Engineering & Construction Company, which is insolvent, omitted to pay for the material and labor employed in the pipe covering and this suit is at the instance of The Philip Carey Company, relator, who installed the same, for the amount of its debt, $1200. It proceeds on the bond, executed by defendant surety company under the statutes for the faithful performance of the contract of Kohlbry & DeLaney and to

the use of those who furnished labor or material there-under.

After hearing the proof, the court gave judgment for defendant surety company on the theory that plain-. tiff's claim is not enforcible against, or in other words, within, the obligation of the bond, 'as it was contracted by the Advance Engineering & Construction Company which was neither mentioned in the bond nor shown to be in privity with Kohlbry & DeLaney, the principal obligors. In other words, the court, by its judgment, declared·that though relator furnished the material and installed the covering of the pipes to the extent of $1200, it may not recover against defendant, surety on the bond, for the reason it does not appear the material was fur-nished or the labor performed under a contract with, or at the instance or request of, the original contractors, Kohlbry & DeLaney, whose conduct was assured by de-fendant, nor with the Board of Education, which it ap-pears was authorized by the provisions of the board to complete any portion of the work not installed by the contractors.

It is argued here that notwithstanding the fact that there was no contract on the part of the Advance En-gineering & Construction Company, which installed the heating and ventilating apparatus, and the principal obligor in the bond, Kohlbry & DeLaney, whose contract was assured thereby, and notwithstanding there was no contract between the Advance Engineering & Construc-tion Company or relator, The Philip Carey Company, and the Board of Education to perform the task con-tracted for and omitted by Kohlbry & DeLaney, the court erred in its judgment, for the reason it conclusive-ly appears the material furnished and labor performed by relator entered into the construction of the school building. The bond in suit is a statutory obligation ex-ecuted by the authority of and in accordance with sec-tions 6761 and 6762, Revised Statutes 1899, secs. 6761, 6762, An. St. 1906, and there can be no doubt of the

proposition that by its execution these statutes became part and parcel of the obligation assumed by the surety. [State ex rel. v. Manhattan Rubber Mfg. Co., 149 Mo. 181, 212, 50 S. W. 321.] But after conceding the proposition suggested, we have been unable to discover anything in the sections of the statute, when read together, which extends the obligation of the bond beyond its terms to include the debt of a person for materials and labor furnished to one who is not an obligor in the bond, such as the contractor, or in some relation of privity with him, such as a subcontractor under him, unless it be in the case of materialman or laborer furnishing material or labor to either the contractor or subcontractor. That the Advance Engineering & Construction Company, to whom relator furnished the material and labor, is neither the contractor, the performance of whose obligation is vouchsafed in the bond, nor a subcontractor under the original contractors, Kohlbry & Delaney, is conceded and the case concedes, too, there is no contractual relation whatever between the Board of Education and the Advance Engineering & Construction Company, with whom relator contracted his debt, for no such relation between the Board of Education and the Advance Engineering & Construction Company was either shown or sought to be shown in the proof. This being true, it is obvious that though relator furnished the material and labor for covering the pipes, at the instance of the Advance Engineering & Construction Company, it is not to be regarded as either a materialman or laborer in the eye of the law, for the reason the essential privity of contract between its debtor and the owner of the building or original contractor is absent. Though a surety is regarded as a favorite of the law and the obligation of suretyship in its application to concrete facts is therefore considered *strictissimi juris*, the suretyship contract itself is nevertheless interpreted and construed in accord with the indentical rules which obtain with respect to other undertakings. In other words, the

terms employed in the obligation are to be given a reasonable interpretation according to the intent of the parties as disclosed by the instrument, read in the light of surrounding circumstances and the purposes for which it was made. [27 Am. and Eng. Ency. Law (2 Ed.), 450; Brandt on Suretyship (3 Ed.), sec. 107; Beers v. Wolf, 116 Mo. 179, 22 S. W. 620; Martin v. Whites, 128 Mo. App. 117, 125, 106 S. W. 608.] The contract between the Board of Education and Kohlbry & DeLaney, of course, is to be read together with the bond executed by defendant surety for its faithful performance. These two instruments with the statutes under which the bond was executed contain the entire obligation of suretyship now in judgment. Upon scrutinizing the written contract and the express terms of the bond, within its four corners, it is entirely clear that defendant surety company obligated itself to answer only for the obligation of the co-partnership of Kohlbry & DeLaney, the contractors, unless it be in case they omitted to perform and the work was completed by the Board of Education or some one at its instance, which, of course, continued their obligation to the same effect. There is no suggestion in the case that the Board of Education itself, or through another at its instance, performed any part of the contract awarded by it in the first instance to Kohlbry & DeLaney and this feature of the matter will not be further adverted to. Indeed, such is not pressed forward by counsel as a matter worthy of consideration on the proof made. How or under what inducement the Advance Engineering & Construction Company came to perform the work, which was contracted for by Kohlbry & DeLaney, and engaged relator to aid it in so doing, we are not advised, and the argument advanced concedes that the proof does not show such inducement. But the argument is, that because the bond stipulates for the payment "to the parties furnishing the same for all material used in the work" and the first section of the statute, to be pres-

ently set out and adverted to, after the word "sub-contractor," employs the words "or otherwise," the claim of relator is within the obligation of the surety. The words of the bond itself thus quoted are taken from the middle of a sentence which, when read all together in the light of other provisions, portrays an obvious intention on the part of defendant to assure the payment for such materials and labor furnished under the contract of Kohlbry & DeLaney. A subsequent provision of the bond authorizes its assignment by the Board of Education to sub-contractors, materialmen and laborers who at the instance of the principal obligors (Kohlbry & DeLaney) have furnished work or material toward the completion of the contract and in case of such assignment the bond shall inure to the benefit of all such parties alike in proportion to their respective demands remaining unpaid. This, too, manifests a clear intention of the parties to the effect that the surety shall respond and answer only for material and labor furnished at the instance of Kohlbry & DeLaney, or under their contract. Indeed, when the bond and the statutes are read together, it is obvious that the surety assumed no obligation to answer for the defaults of persons not mentioned therein, such as the Advance Engineering & Construction Company, unless such persons derived their right to improve the Baden Public School Building, either through Kohlbry & DeLaney, the original contractors for this particular work, or from the Board of Education itself, upon their default, of which latter predicate of liability there is no suggestion here. Of course, the idea of calling upon the surety to compensate debts contracted and unpaid by one, such as the Advance Engineering & Construction Company, which is neither mentioned in the bond nor in privity with the principal obligor, Kohlbry & DeLaney, the contractor, is obnoxious in the highest degree to the legal mind, for such is not nominated in the bond, unless it be perforce of the statutes under which it was executed. But if the statutes

so provide, then the obligation is to be enforced notwithstanding the omission to nominate the particular obligation in the written instrument, for of such statutes the parties are deemed to have had notice and to have contracted accordingly. [State ex rel. v. Manhattan Rubber Mfg. Co., 149 Mo. 181, 212, 50 S. W. 321.] The contract of Kohlbry & DeLaney with the Board of ·Education and the bond in suit were executed in 1897 and therefore are to be considered together with sections 6761, 6762, Revised Statutes 1899, sections 6761, 6762, An. St. 1906. We direct particular attention to these statutes for the reason they were amended in 1909, as will appear by the Revised Statutes of 1909, sections 1247, 1248, and as so amended expressly incorporate a condition in like bonds thereafter executed which, we believe, fairly construed would require the surety company to answer for the claim now in judgment. But the amended statutes are not in judgment and a question arising thereon is therefore not decided. It is referred to for the purpose of precision only and to point out the fact that the statutes involved were different at the time the bond in suit was executed from those which prevail now. The sections of the statute with which we are concerned are as follows:

"All counties, cities, towns and school districts making contracts for public work of any kind to be done for such county, city, town or school district, shall require every contractor to execute a bond with good and sufficient securities, and such bond among other conditions shall be conditioned for the payment for all material used in such work, and all labor performed on such work, whether by sub-contract or otherwise." (Sec. 6761, R. S. 1899).

"Every person furnishing material or performing labor for any contractor with any county, city, town or school district, where bond shall be executed as provided in section 6761, shall have the right to sue on such bond, in the name of such county, city, town or school district,

for his use and benefit; and in such suit it shall be sufficient to file a copy of such bond, certified by the clerk or secretary of such county, city, town or school district, which copy shall, unless execution thereof be denied under oath, be sufficient evidence of execution and delivery of the original; Provided, however, that sections 6761 and 6762 shall not be taken to in any way make such county, city, town or school district liable to such sub-contractor, materialman or laborer to any greater extent than it is liable under the law as it now stands." (Sec. 6762, R. S. 1899.)

It will be noticed that the first of the above sections, i. e. 6761, requires the bond in this case to be conditioned for the payment of all material used in the work and all labor performed on such work, whether by sub-contract or otherwise.

It is argued that the words "or otherwise" include the claim of relator within the condition of the bond though it did not furnish material to a sub-contractor or to one in contractual privity with the owner or contractor. If this section of the statute alone were before us for consideration, the argument would inhere with more force than it does in view of the two sections to be read together. On considering the subsequent section, we believe, however, the words "or otherwise", employed by the Legislature at the conclusion of section 6761, refer to those persons who might be denominated materialmen or laborers under the mechanic's lien law, for it has been determined that the purpose of these statutes as they existed prior to the recent amendment was to afford a remedy on the bond in those cases where the building, because of its public character, is not subject to mechanic's liens. [Hydraulic Press Brick Co. v. School District, 79 Mo. App. 665.] No one can doubt that under the mechanic's lien law one who furnishes labor or material to either the contractor or sub-contractor has his remedy against the subject-matter of the improvement. And, therefore, the words "or otherwise" are not

meaningless when the context of the two sections is considered together, for they require the surety to vouchsafe the payment for material and labor whether furnished by sub-contractor himself or by an outside party who furnishes such labor or material to him. When the two sections of the statute are read together, it is entirely clear that the party suing on the bond must deduce his right to so proceed from the contractor whose obligation is assured identically as in mechanic's lien cases. In other words, for one who has furnished material or labor in the improvement to recover on the bond, it is essential to prove that he furnished the material, or labor either to the contractor or sub-contractor, to the end of showing a contractual privity connecting the subject-matter of his suit with the obligation of the surety's undertaking, which stands in lieu of the building mechanic's lien cases. The two sections, as before said, are to be read together for they are *in pari materia* and the first must be interpreted in connection with the words of the second in order to accurately deduce the intention of the Legislature manifested in both. The second section authorizes a suit on the bond required to be given in accord with the condition prescribed in the first. By its express words, the only persons authorized to sue on the bond for material furnished or labor performed are those who furnish material or labor "for any contractor," together with, in this case, the Board of Education, which of course, would include the right of one who had furnished material or labor to a sub-contractor, for such would be furnishing for the contractor as it aided the completion of his undertaking. In other words, one who furnishes material or labor to a contractor or a sub-contractor under him is nominated in the bond, for such is the sense of the statutes when read together and, of course, this does not include one who appears to be a mere volunteer and neither furnished material to the contractor nor one in contractual privity with him.

To hold this defendant to answer as surety for the unpaid debt contracted by the Advance Engineering & Construction Company would utterly disregard the precept of natural justice which obtains as a fundamental principle in the undertaking of suretyship. There. inheres in every contract of suretyship the just, equitable principle which affords to the surety a right to be indemnified by his principal for whatever sum he has paid out in discharge of the principal's obligation. [Reissaus v. Whites, 128 Mo. App. 135, 106 S. W. 603.] It is obvious that if this defendant were required to compensate the relator for the indebtedness of the Advance Engineering & Construction Company, it would be without recourse for indemnity against its principal, Kohlbry & DeLaney because that copartnership is in no manner privy to the relator's claim, and in the absence of such privity there is naught upon which the equitable principle affording indemnity may operate. We approve the conclusion of the trial court to the effect relator is not entitled to recover on the bond, in the absence of proof that it furnished material and labor to some one in privity of contract with the original contractors, Kohlbry & DeLaney, the principal obligor in the bond.

It is argued the court erred in declining to permit plaintiff to nonsuit his case, to the end of instituting the action anew and supplying the deficiency in proof. The argument must be examined in view of the precise disclosures of the record, for no one can doubt the right of a party to take a nonsuit prior to the final submission of the cause. It appears from the bill of exceptions, after plaintiff had introduced all of his proof, defendant requested an instruction to the effect that under the evidence in the case plaintiff was not entitled to recover. Defendant introduced no proof and the bill of exceptions recites, "The court thereupon took said cause under advisement." After having had the cause under advisement for several weeks, the court made its finding and entered a judgment to the effect that plaintiff was

not entitled to recover, for the reason he had failed to make out a prima facie case. The judgment entered recites, among other things, that the parties waived a jury and submitted the cause to the court upon the evidence and proof adduced and the court having heard and duly considered the same, and being fully advised in the premises, doth find in favor of the defendant on the issues joined. Relator's counsel was not present at the time the judgment was entered and he was not notified of the fact the court would dispose of the case on that day. A couple of days thereafter relator appeared and moved the court to set aside its finding and judgment and permit it to nonsuit the action. So it appears the request was not made until after judgment. On these facts, the matter is to be determined by reference to our statute on the subject and the construction placed thereon by the courts. The statute is as follows:

"The plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, and not afterward." (Sec. 1980, R. S. 1909.)

The uniform construction of this statute in practice has been to allow the party to ascertain the opinion of the court upon the law of the case by its action on instructions and then withdraw the suit before final submission upon the merits, if the opinion of the court on the propositions of law is unfavorable to plaintiff. Therefore, when nothing more than a question of law is presented, as by an instruction requesting the court to direct a verdict and *this question of law only* is taken under advisement, a nonsuit should be allowed on plaintiff's request after the court announces its ruling on the law question raised. Such is the rule of decision announced in several cases by both the Supreme Court and this court. [Lawyers' Co-Op. Pub. Co. v. Gordon, 173 Mo. 139, 73 S. W. 155; Lawrence v. Shreve, 26 Mo. 492; McLean v. Stuve, 15 Mo. App. 317, 320.] In this view,

it has been ruled in a case where the evidence was closed
and the court acted on the instructions that the plaintiff
was entitled to take a nonsuit at any time previous to the
retirement of the jury to consider of their verdict.
[Templeton v. Wolf, 19 Mo. 101. See, also, McLean v.
Stuve, 15 Mo. App. 317, 320.] But when it appears the
*cause* and the instruction for a verdict are taken under
advisement, a nonsuit may not be allowed thereafter.
The rule is, that though an instruction in the nature of
a demurrer to the evidence is requested, if the parties
submit the cause to the consideration of the court on the
proof and instruction together, without reservations as
to the right of a nonsuit or to introduce further proof
if the court be of opinion that the demurrer is well taken,
the right to a nonsuit is thereafter precluded. [Law-
yers' Co-Op. Pub Co. v. Gordon, 173 Mo. 139, 73 S. W.
155; McLean v. Stuve, 15 Mo. App. 317, 321.] It is
said in the authorities cited that unless the right to a
nonsuit or to introduce further proof by one of the
parties is expressly reserved at the time of submitting
the cause and demurrer together which, of course, in the
circumstances suggested operate to suspend a final sub-
mission of the controversy, a nonsuit may not thereaf-
ter be taken. It is immaterial, too, if it appears the *cause*
was submitted, that plaintiff was not notified of the
day the court intended to dispose of the same by giving
judgment thereon, for having submitted the cause along
with defendant's demurrer, plaintiff is thereafter pre-
cluded by the express terms of the statute. [McLean
v. Stuve, 15 Mo. App. 317, 321.] As before stated, the
submission in this case was without any reservations
whatever for it appears the cause was submitted to-
gether with the instruction and the court properly
denied plaintiff's request for a nonsuit after the judg-
ment was given. The judgment should be affirmed.
It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,*
concur.