During the March, 1935, term of the Circuit Court of Jackson County, there was pending in that court the case of W.H.H. Piatt, plaintiff, v. Heim Overly Realty Company, defendant. Plaintiff sought to recover the sum of $15,000 for attorney fees alleged to have been earned by him in the service of defendant. The cause was assigned to Division No. 8 for trial where a jury was waived and the cause tried to the court on July 5 and 6, 1935. At the conclusion of the evidence on July 6, 1935, defendant's demurrer to the evidence was overruled, whereupon both parties requested certain written declarations of law and asked the court to rule upon them. Thereafter, on the same day the court took the case under advisement as appears from the following record entry.
"Now, on this day come again the same parties herein; the hearing of the evidence is resumed, and the court after hearing the remainder of same takes the cause under advisement."
Three days later, on July 9, 1935, defendant requested two additional written declarations of law.
Thereafter on October 8, 1935, during the September, 1935, term of said court, plaintiff filed a written dismissal of his case reading as follows:
"Now comes the above named plaintiff and respectfully shows to the court that none of the declarations of law requested by the respective parties has either been given or refused by the court, and that this cause has not been finally submitted to the court sitting as a jury; and plaintiff now dismisses this action."
Thereafter on the same day the court rendered and entered of record the following judgment:
"Now on this day comes plaintiff and files herein his dismissal of this action; and the court finding that none of the declarations of law requested by the respective parties has either been given or refused by the court, and that this cause has not been finally submitted to the court sitting as a jury, it is by the court ordered and adjudged that plaintiff be and he is hereby permitted to voluntarily dismiss this action; and that said action be and the same is now voluntarily dismissed, and that defendant have and recover of and from plaintiff its costs herein, for which let execution issue."
Thereafter within due time defendant took the necessary steps looking to an appeal. The trial court denied defendant's application *Page 775 
for appeal on the ground that no appeal lies from a judgment dismissing a cause based upon the voluntary dismissal of said cause by plaintiff. Thereafter and within the statutory time defendant brought the case here by writ of error. Plaintiff has filed a motion to dismiss the writ of error on the ground that the judgment dismissing said cause is not reviewable either by appeal or writ of error.
For clarity we will refer to the parties as they were styled below, plaintiff and defendant.
Defendant contends that the cause was tried and finally submitted to the court for decision as to both the law and the facts before the plaintiff attempted to dismiss it, and for that reason the court had no power to dismiss the cause on request of plaintiff.
[1] No one disputes the fact that a plaintiff will not be allowed to dismiss his case after it has been finally submitted to the court or jury for decision. The statute so provides. Section 960, Revised Statutes 1929, reads as follows:
"The plaintiff shall be allowed to dismiss his suit or take a nonsuit at any time before the same is finally submitted to the jury, or to the court sitting as a jury, or to the court, but not afterward."
Our view of this statute is so well expressed in Bank v. Butler,163 Mo. App. 380, 384, 143 S.W. 1117, that we quote therefrom the following:
"The uniform construction of this statute, in practice, has been to allow the party to ascertain the opinion of the court upon the law of the case by its action on instructions, and then withdraw the suit before final submission upon the merits, if the opinion of the court on the proposition of law is unfavorable. But when it unequivocally appears that the cause — that is, the whole controversy, the evidence and the law — is submitted and taken under advisement and so remains, a nonsuit or dismissal of the cause is not to be allowed thereafter, because the express terms of the statute forbid. [See Board of Education v. U.S.F. 
G. Co., 155 Mo. App. 109, 134 S.W. 18; Lawyers' Co-op. Pub. Co. v. Gordon, 173 Mo. 139, 73 S.W. 155; Lawrence v. Shreve,26 Mo. 492.] But, as we understand it, this rule prevails only in those cases where the cause has been finally submitted and such submission has not been subsequently set aside by the court before the nonsuit is taken. The right to take a nonsuit or dismiss a cause is essential to an efficient administration of the law and oft enables justice to prevail when otherwise it would miscarry. As has been well said, the most righteous cause is liable to fail now and then from unforeseen contingencies, accidental omissions and mistake in procedure or other circumstances unconnected with the merits, and but for the rule allowing a nonsuit, substantial rights would perish and the principles of justice be too often defeated. It was because of this the common law permitted a dismissal until *Page 776 
a verdict was returned by the jury, or a judgment actually entered by the court in cases tried by it. Our statute, above copied, is in derogation of the common law, for it prescribes a limitation upon the more extended right theretofore enjoyed, to the effect that a nonsuit may not be allowed after the case is finally submitted to the jury or to the court. Because of this, the rule of the statute is not to be extended beyond its letter to cases not falling within the express provisions. [See Houston's Admr. v. Thompson's Admr., 87 Mo. App. 63.]"
The law is too well settled to need citation of authority to support it, that a plaintiff is entitled to get the court's view of the law of the case by its action on his requested instructions, and then dismiss his case if the court's ruling on the instructions is not in accord with his view of the law. It is equally well settled that where the whole case — both requested instructions and evidence — is submitted to the court for its ruling thereon, and the court takes the case under advisement, that amounts to a final submission of the entire case, and a nonsuit or dismissal will not be thereafter allowed. Our query is, which course did the plaintiff pursue in the case at bar. That question must be determined from an examination of the record. In doing so we must keep in mind two things, (1) that the parties and not the court do the submitting, and (2) that when a court takes a case under advisement, it must be taken as submited by the parties, and not otherwise.
The record in this case shows that at the conclusion of the evidence, and after defendant's demurrer thereto had been overruled, both parties then and there requested written declarations of law and expressly asked the court to rule upon them. Note the language of the record:
"Thereupon the plaintiff did hand up and present to the court his written requested declarations of law and asked the court torule on same." (Italics ours.)
"At the same time the defendant, Heim and Overly Realty Company, handed up to the court, and requested the court'sruling on its several written requests and declarations of law." (Italics ours.)
The record does not show that either plaintiff or defendant took any further action or made any further requests relative to the submission of the case. The court then took the cause under advisement. Necessarily, as heretofore stated, the court took the cause as it was submitted by the parties, and the act of the court in taking the cause under advisement could not and did not change the character of submission made by the parties.
Plaintiff had a right to have the law and the facts passed upon separately. At the close of the evidence he tendered to the court his written declarations of law and expressly requested the court to *Page 777 
rule on same. We construe this action on the part of plaintiff as a request that his written declarations of law be ruled upon separately from the facts and before the case was finally submitted to the court sitting as a jury for adjudication. Had the court ruled upon plaintiff's requested declarations of law at the time they were tendered, plaintiff could then have dismissed his case. Since plaintiff asked for a ruling upon his declarations of law at the time they were requested, the court could not, by taking the case under advisement, change its status or rob plaintiff of the right to dismiss his case at or prior to the time his declarations of law were finally ruled upon. Otherwise stated, whatever rights the parties had before the court took the case under advisement, they still had after the case was taken under advisement. For the reasons stated, we hold that the case was not under final submission at the time plaintiff voluntarily dismissed it.
[2] There is another reason why we should not hold that the case was under final submission at the time plaintiff dismissed it, and that is, because both parties as well as the court treated the case as not being under final submission at that time. The case was taken under advisement on July 6, 1935. Three days later, on July 9, 1935, defendant requested two additional declarations of law. This request for additional declarations of law on July 9, indicates that defendant did not regard the case as finally submitted on the evidence and the declarations of law requested on July 6. The written dismissal of the case thereafter filed by plaintiff recited, and the judgment of dismissal rendered by the court found, that none of the declarations of law requested by the respective parties had been ruled on by the court, and that the case had not been finally submitted to the court sitting as a jury. On this finding the court rendered and entered of record a judgment dismissing the cause. Since both parties, as well as the court, treated the case as not under final submission at the time the court took it under advisement, defendant should not be heard to say on appeal that the case was under final submission at that time.
In support of its contention that the case was under final submission at the time the court took it under advisement, defendant cites the following cases: Coffey v. Higbee et al.,318 Mo. 10, 298 S.W. 766; Lawyer's Co-operative Publishing Company v. Gordon, 173 Mo. 139, 73 S.W. 155; Allen v. Hickam, 156 Mo. 49, 57, 56 S.W. 309; Board of Education v. Fidelity Guaranty Company, 155 Mo. App. 109, 124, 134 S.W. 118; McLean v. Stuve,15 Mo. App. 317, 320-1; Brewing Co. v. Smith, 59 Mo. App. 476, 479; Landau v. Ohio Leather Company, 204 Mo. App. 404, 411,221 S.W. 405; McCauley v. Brown, 99 Mo. App. 625, 628, 74 S.W. 646, Strottman v. Railroad Co., 228 Mo. 154, 184-5, 128 S.W. 187. *Page 778 
We have carefully examined and considered each of the cited cases and find that their facts are so radically different from the facts in the case at bar that we do not regard them as authority one way or the other on the question at issue in the instant case. In our judgment the inapplicability of these cases is so apparent that no useful purpose would be served by an extended discussion of them. We have cited these cases in order that any reader of this opinion may determine by comparison whether or not we have reached the right conclusion as to the applicability of the cited cases.
For all of the reasons stated, our judgment is that plaintiff's case was not under final submission at the time he dismissed it. The voluntary dismissal of the case is not reviewable by either appeal or writ of error. For that reason our writ of error heretofore issued should be quashed. It is so ordered.
All concur.